STATE v. NEW ENGLAND FURNITURE & CARPET COMPANY.[1]

January 29, 1909.

Nos. 16,011—(49).

**Delinquent Personal Tax—Interest.**

 In the absence of statute so providing, delinquent personal property taxes do not bear interest, either from the date of delinquency or from the date of an order for judgment made in proceedings to enforce payment thereof.

In proceedings in the district court for Hennepin county to collect $2,884.20, delinquent personal property taxes for the year 1904, and the penalty, defendant answered and alleged that the State Board of Equalization for the year 1904 was not a legally constituted board in

[1] Reported in 119 N. W. 427.

that nine of the members were appointed by the Governor without the advice and consent of the senate as required by law, and that it illegally increased the valuation of defendant's property from $91,200 to $104,180; and offered judgment for $2,508 and alleged tender of that amount to the treasurer of Hennepin county in payment of the tax. The matter was heard before Simpson, J., who made findings and as conclusion of law found the state entitled to judgment in the sum of $2,884.20. From an order, Dickinson, J., granting defendant's motion to reduce the judgment in the sum of $299.96, plaintiff appealed. Affirmed.

E. T. Young, Attorney General, Al. J. Smith, County Attorney, and W. C. Leary, Assistant County Attorney, for the State.

C. H. Rossman, for respondent.

BROWN, J.

The personal property taxes assessed against defendant for the year 1904 became delinquent March 1, 1905. They were not paid. Due proceedings were thereafter had to enforce payment of the same, in which defendant interposed a defense and objections to a portion of the assessment. A trial of the issues presented by the answer resulted on April 9, 1906, in an order for judgment for the amount of the tax claimed by the state, together with the statutory penalty and costs. Thereafter, on August 9, 1907, the state caused judgment to be entered against defendant in accordance with the order of the court, and included therein, not specially ordered, an item of interest upon the amount of the tax from the date on which the court filed its order for judgment. Defendant subsequently moved to modify the judgment by striking therefrom the item of interest, on the ground that it was not authorized by law. The motion was granted, and the state appealed.

The order must be affirmed. Taxes do not, in the absence of statutes so providing, draw interest, either from the time of assessment or from the time they become delinquent. State v. Baldwin, 62 Minn. 518, 65 N. W. 80; Jaggard, Tax., 346; Sargent v. Tuttle, 67 Conn. 162, 167, 34 Atl. 1028, 32 L. R. A. 822; Trust Co. v. New York, 110 N. Y. 250, 18 N. E. 92, 1 L. R. A. 260. Our statutes on the subject of taxation do not provide for interest upon delinquent personal prop-

erty taxes, nor upon real estate taxes, except in the instances mentioned in sections 960 and 961, R. L. 1905. They do not, therefore, bear interest unless imposed by some provision of the statute outside the tax code. Counsel for the state recognize this situation, but contend that interest was properly included in this judgment under section 4344, which provides for interest, in all actions for the recovery of money, from the date of the verdict or order for judgment, at the rate of six per cent. per annum. This statute does not apply to judgments for taxes. A tax remains a tax, whether entered in a judgment or upon the tax rolls, and all rights and liabilities of the taxpayer are fixed and prescribed by the statutes relating to taxation. As we find there no provision for interest, either from the date of delinquency or from the date of an order for judgment entered in proceedings to enforce payment of the tax, the state is not entitled to demand it. If interest upon delinquent real or personal taxes should be imposed, the legislature now in session may so provide.

Order affirmed.