## ALLEN N. UNDERHILL v. STATE.[1]

November 8, 1940.

No. 32,590.

[1]Reported in 294 N. W. 643.

R. C. *Andrews,* for appellant.

J. A. A. *Burnquist,* Attorney General, *Arthur Christofferson,* Deputy Attorney General, and *Charles E. Houston,* Special Assistant Attorney General, for the State.

HOLT, JUSTICE.

Plaintiff sued the state for injuries to person and damage to property sustained in 1935 from an explosion in a garage at Sandstone, this state, where trucks of the maintenance department of the state trunk highway system were stored and repaired by employes of the state, who, it is alleged, negligently spilled large quantities of gasoline in the garage, causing the explosion. From the order sustaining a demurrer to the complaint, plaintiff appeals.

It is conceded that the state cannot be sued without its consent, 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8831; Berman v. Minn. State Agricultural Society, 93 Minn. 125, 127, 100 N. W. 732. But the contention is that by L. 1937, c. 480, § 1, the state waived immunity as to this action. The section reads:

"That the State of Minnesota hereby waives immunity from suit for any damages for personal injuries and property damaged, caused by the location, construction, reconstruction, improvement and maintenance of the trunk highway system."

Were there nothing else to the act but the section quoted, there would be much force to the ingenious argument of plaintiff's counsel. However, that section is followed by 25 other sections, the first 24 of which limit the permission to sue to claims therein specifically described. The title, consisting of several clauses, is plainly restrictive from its very

beginning, and when the clause authorizing suit is reached such suits against the state or the highway commissioner are limited to "the recovery of the claims, or any thereof, hereinafter designated." And when the act is examined as a whole we find that § 2 limits the permission to sue the state to six months from the passage of the act. Hence it is plain that the waiver of immunity from suit does not embrace causes of action coming under § 1 unless they accrue previous to the expiration of six months after the passage of the act. Section 3 makes it clear that the commissioner of highways may only pay or settle the specific claims described in the subsequent sections, and may not so pay or settle for more than the amounts therein specified. Not only is each claim described or identified, but the holder thereof is named. There are 30 claims specified, and to each of three claims two holders are named.

In construing a legislative act, a section thereof is not to be considered apart from the other sections of the act. The act is to be read and construed as a whole. The headnote in Knudson v. Anderson, 199 Minn. 479, 272 N. W. 376, 377, reads: "The court in construing a statute is required to consider it as a whole and to give effect to all of its parts." 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8951, is cited and cases in note 65 called attention to. The title may be resorted to in order to arrive at the intention of the legislature. 6 Dunnell, Minn. Dig. (2 ed. & 1937 Supp.) § 8964. In State v. N. W. Tel. Exch. Co. 107 Minn. 390, 401, 120 N. W. 534, 539, it is said: "For the purpose of ascertaining the legislative intention, we may look to the title as well as to the body of the statute." Attention has already been called to the restrictive character of the title. 6 Dunnell, Minn. Dig. (2 ed. & Supps.) § 8909, and cases cited in note 69. However, laying out of consideration the title, we think a mere reading of the whole body of L. 1937, c. 480, makes it plain beyond dispute that the state waived its immunity from suit only as to the

parties named in that act, and solely as to the specific claims therein described. Plaintiff is not named nor is his alleged claim specified in the act.

The legislature of 1939 apparently was in doubt as to whether the trunk highway fund could be used to pay the claims named in c. 480, so L. 1939, c. 113, was passed, amending §§ 2 and 3 of c. 480. But it is significant that no other name or claim was added—the words changed or inserted in the two sections mentioned relate chiefly to the fund from which the claims specified in c. 480 could be paid when settled or litigated, leaving the provision thus: "out of the trunk highway fund or out of funds from highway patrol fine collections." It is also significant that whereas § 2 before the amendment began thus: "That said claimants may severally bring action against the state within six months from the date of enactment of this statute," etc., it now starts thus: "Said claimants," etc., thus making more certain that the state waived immunity to suit only as to those named in the act.

The order is affirmed.