## STATE v. NORTHWESTERN STATES PORTLAND CEMENT COMPANY.

103 N. W. (2d) 225.

May 20, 1960—No. 37,950.

*Miles Lord,* Attorney General, and *Fred C. Norton,* Special Assistant Attorney General, for appellant.

*Joseph A. Maun, Ronald S. Hazel, William R. Busch,* and *John C. Johanneson,* for respondent.

NELSON, JUSTICE.

This appeal arises out of a dispute as to state income taxes to be paid by Northwestern States Portland Cement Company, a foreign

corporation. A judgment was entered in 1955 in favor of the State of Minnesota in the amount of $102,536.82 with interest at the rate of 4 percent per annum on the sum of $70,578.31 from December 1, 1953. The decision of the trial court was affirmed in State v. Northwestern States Portland Cement Co. 250 Minn. 32, 84 N. W. (2d) 373, affirmed, 358 U. S. 450, 79 S. Ct. 357, 3 L. ed. (2d) 421. Thereafter, on June 1, 1959, pursuant to demand, defendant taxpayer paid $118,554.84 to the commissioner of taxation. The sum paid represented the amount of the judgment plus interest at 4 percent to date of payment and costs in the amount of $230.40. The state advised defendant that there was an unpaid balance due and demanded payment accordingly. On the state's refusal to enter a satisfaction of judgment, defendant moved for an order directing a satisfaction of judgment, and, after a hearing, the motion was granted. The state appeals from that order. Thus, the question arises whether a judgment for recovery of unpaid income taxes bears interest at the rate of 4 percent until paid under M. S. A. 290.53, as contended by defendant, or at the rate of 6 percent under § 277.15, as contended by the state.

In January 1909 this court in State v. New England Furniture & Carpet Co. 107 Minn. 52, 119 N. W. 427, held that in the absence of statute delinquent personal property taxes do not draw interest, and that, since there was at that time no applicable statute so providing, a judgment for delinquent personal property taxes did not bear interest. It was stated that (107 Minn. 54, 119 N. W. 428) "If interest upon delinquent real or personal taxes should be imposed, the legislature now in session may so provide." Three months later, § 277.15 was enacted as L. 1909, c. 448, § 1, the title of which read: "An Act providing for interest upon judgments for the recovery of taxes in certain cases." That act specifically exempted judgments for real estate taxes, which was the other tax referred to in State v. New England Furniture & Carpet Co. *supra.* That case also established the principle that a tax remains a tax whether or not reduced to judgment.

In In re Petition of S. R. A., Inc. 213 Minn. 487, 7 N. W. (2d) 484, this court distinguished between real estate taxes and personal property taxes by stating that real estate taxes are assessed and enforced against

the land itself and are not charges against the person owning the property or his estate and that personal property taxes are enforced in personam.

It should be noted that § 277.15 appeared in G. S. 1913 as § 2090 among provisions headed "Delinquent Personal Property Taxes." In G. S. 1923 and in Mason St. 1927 this section appeared as § 2102 among the same provisions under the same heading; and in M. S. A. 1941, 1945, 1949, 1953, and 1957 as § 277.15 in a chapter entitled "Delinquent Personal Property Taxes; Defenses."

The Minnesota Income Tax Law was enacted in 1933. For approximately 20 years prior thereto, § 277.15 was carried on the statute books of this state as a part of the procedural provisions relating to delinquent personal property taxes. There is nothing in the foregoing revisions of general statutes or in any of the session laws to indicate that anyone, and that includes the members of the legislature, has seriously considered that section as applying to the newer state Income Tax Law.

The state in its brief notes as a point in favor of its contention that § 277.15 is of general application that the title of L. 1909, c. 448 (now § 277.15), was "An Act providing for interest upon judgments for the recovery of taxes in *certain cases*." (Italics supplied.) However, this merely indicates that the legislature clearly intended that the statute was not to be of general application, and subsequent treatment of that statute would also so indicate.

In addition to the distinction already noted between personal property taxes and real estate taxes, we have the following Minnesota statutes: § 296.15, subd. 2, providing that judgments for unpaid gasoline taxes are to draw interest at 6 percent; § 291.15 providing that inheritance taxes not paid within 18 months after assessment shall draw interest at 6 percent; § 290.53 providing for interest on delinquent income taxes at 4 percent, but prior to 1945 (M. S. A. 1941) this rate was 6 percent; § 293.11 providing that the tax imposed on income reserved to the donor from property given to an educational institution shall draw interest at the rate of 12 percent per annum 30 days after due and that judgment when obtained and docketed be a lien bearing interest at the rate of 1 percent per month after docketing; and

§ 299.10, as amended by Ex. Sess. L. 1959, c. 70, art. IX, § 8, providing for an immediate penalty of 10 percent of iron ore royalty taxes not paid before July 15 of the year when due, and an additional penalty of 1 percent per month, a judgment for such tax and penalties when docketed to be a lien bearing interest at the rate of 1 percent per month. The aforesaid acts of the legislature in regard to interest charges as to certain specified taxes do not indicate legislative approval of the theory that § 277.15, made an interdependent part of c. 277, applies to all taxes without specific direction to that effect.

The state contends that the trial court lacked legal as well as statutory justification for placing reliance upon the heading of c. 277, either originally or as it now stands: "Delinquent Personal Property Taxes, Defenses," or that the present construction of § 277.15, pursuant to the provisions of L. 1945, c. 67, is determinative even though the enabling act reads as follows (M. S. A. 1957, p. 4):

"Providing that the compilation and revision of general statutes of the State of Minnesota of a general and permanent nature, prepared by the Revisor of Statutes under the provisions of Laws 1943, Chapter 545, and filed in the office of the Secretary of State on December 28, 1944, be adopted and enacted as the 'Minnesota Revised Statutes.' "

We think it clear in the instant case that the legislature by enacting and approving the 1945 revision reaffirmed that § 277.15 is limited to delinquent personal property taxes. When the legislature adopted the 1945 revision it became the law of Minnesota. State ex rel. Bergin v. Washburn, 224 Minn. 269, 28 N. W. (2d) 652.

The state has quoted State v. Village of Pierz, 241 Minn. 37, 62 N. W. (2d) 498, to sustain its contention that the trial court erroneously placed reliance upon the heading of c. 277 as it appeared in M. S. A. 1945, but the latter case is clearly not in point because the revisor made no change affecting § 277.15 and its former or present application. The trial court was justified in relying on the origin, codification, and title applied to the aforesaid tax statute in determining that § 277.15 is applicable only to delinquent personal property taxes.

The state contends that § 290.53 is not applicable to a judgment for unpaid income taxes because a judgment is different from a claim

for unpaid income taxes and cites as authorities several Minnesota cases. None of those cases are in point. None involve a judgment for unpaid taxes entered by the state against a taxpayer who has become delinquent in the payment of a tax which the state exacts. The rule is well established in this state that a tax remains a tax whether it has been reduced to judgment or not. In State v. New England Furniture & Carpet Co. *supra,* the state had recovered a judgment for unpaid taxes and sought to collect interest upon it pursuant to a statute providing for a specified rate of interest upon judgments. This court rejected the claim for interest on the basis that a judgment for unpaid taxes is not different from an ordinary unpaid tax, stating (107 Minn. 54, 119 N. W. 427):

"* * * A tax remains a tax, whether entered in a judgment or upon the tax rolls, and all rights and liabilities of the taxpayer are fixed and prescribed by the statutes relating to taxation."

If we apply this principle to the present case, it is clear that the judgment for unpaid income taxes against the taxpayer retains its identity as an unpaid income tax. There is no ambiguity in the wording of § 290.53, which requires that the taxpayer who is delinquent in his income tax is required to pay interest thereon at the rate of 4 percent until paid.

The rule stated by the trial court that the title of an act may be considered in ascertaining legislative intent finds support in the following cases: Underhill v. State, 208 Minn. 498, 294 N. W. 643; Cleveland v. County of Rice, 238 Minn. 180, 56 N. W. (2d) 641; County of Hennepin v. City of Hopkins, 239 Minn. 357, 58 N. W. (2d) 851.

Section 277.15 and § 290.53, subd. 1, contradict each other, the former dealing with personal property taxes and the latter dealing with income taxes. This court in the early case of Heath v. Hall, 7 Minn. 243 (315), said that, if provisions of different chapters of the statutes conflict with each other, the provisions of each chapter prevail as to all matters and questions growing out of the subject matter of such chapter. The trial court concluded that § 277.15 is a general statute and § 290.53 is a specific statute and that the particular controls the general, citing § 645.26, subd. 1. Moreover, the trial court properly held

that the Income Tax Law was enacted long after the original enactment of the law dealing with personal property taxes and that the law latest in time of enactment prevails, citing § 645.26, subd. 4.

In Underhill v. State, 208 Minn. 498, 500, 294 N. W. 643, 644, this court said:

"In construing a legislative act, a section thereof is not to be considered apart from the other sections of the act. The act is to be read and construed as a whole. * * * 'The court in construing a statute is required to consider it as a whole and to give effect to all of its parts.' * * * The title may be resorted to in order to arrive at the intention of the legislature. * * * 'For the purpose of ascertaining the legislative intention, we may look to the title as well as to the body of the statute.' Attention has already been called to the restrictive character of the title."

As to the rule that the provisions of a complete and specific act in and of itself control a prior and general provision, and that if there is conflict between different statutes as to the same matter, the later statute prevails, see Beck v. Groe, 245 Minn. 28, 70 N. W. (2d) 886, 52 A. L. R. (2d) 875. It is the duty of the courts so to construe statutory enactments as to give effect to the obvious legislative intent, and in an effort to meet that requirement, it is a necessary requisite that the whole statute be considered in order to give effect to all its parts. City of St. Louis Park v. King, 246 Minn. 422, 75 N. W. (2d) 487; Sevcik v. Commr. of Taxation, 257 Minn. 92, 100 N. W. (2d) 678.

In the light of the foregoing authorities this court must conclude, as did the trial court, that § 290.53 controls the case at bar; that the delinquent income taxes and penalties involved bear interest at the rate of 4 percent per annum until paid; and that the mere fact that the delinquency with interest has been reduced to judgment does not render applicable the 6-percent interest rate provided for under § 277.15.

Affirmed.