William W. ESSLING and Richard L. Lehr, Appellants,

v.

Michael MARKMAN, Commissioner of Insurance; Minnesota Department of Commerce, Insurance Division and the State of Minnesota, Respondents,

v.

NURSING HOME RESIDENTS' ADVISORY COUNCIL, Intervenor-Respondent.

No. CO–82–1041.

Supreme Court of Minnesota.

June 24, 1983.

Larkin, Hoffman, Daly & Lindgren, James P. Larkin and Christopher J. Dietzen, Minneapolis, for appellants.

Hubert H. Humphrey III, Atty. Gen., and Thomas F. Pursell, Sp. Asst. Atty. Gen., St. Paul, for State of Minn., Com'r. of Ins. and Dept. of Commerce.

Kathleen M. Davis, Legal Aid Soc. of Minneapolis, Inc., Minneapolis, Steven Wolfe, Southern Minn. Regional Legal Services, St. Paul, for Nursing Home Residents' Advisory Council.

TODD, Justice.

William W. Essling and Richard L. Lehr challenge the constitutionality and enforcement of Minn.Stat. §§ 62A.31–42 (1982), which prohibit the sale of insurance policies to persons age 65 or older which purport to supplement Medicare health insurance, unless certain statutory requirements are met. The trial court granted relief only with respect to travel insurance policies. We affirm.

Essling and Lehr are both over the age of 65. They claim that the state has wrongfully interfered with their right of contract and their right to privacy because of their age. They claim this deprivation occurred without due process of law.

Minnesota Statute §§ 62A.31–42 (1982), was enacted as a response to abuses in the insurance industry.[1] There is no dispute that nefarious practices were occurring in this sector of the insurance trade. These abuses provided the impetus for the Baucus Amendment, 42 U.S.C. § 1395ss (Supp. V 1981), which provides minimum standards for insurance policies purporting to supplement Medicare coverage. The Act permits the states to participate in a voluntary certification program. Minnesota responded with the passage of the statute at issue.

The issues presented are:

1. Does Minn.Stat. §§ 62A.31–42 (1982), impermissibly interfere with freedom of contract and the right to privacy in violation of the equal protection and due process clauses of the constitution?

2. Does the statute apply to travel insurance policies?

■ 1. We begin our analysis by considering the appropriate standard of review. Strict scrutiny is required when a fundamental right is limited or a classification is based upon a suspect class. In that situation, the law will be upheld only if it is necessary to serve a compelling governmental interest. Absent a fundamental right or suspect class, minimal judicial scrutiny is appropriate. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Under this standard, if the record indicates that the Act is rationally related to achievement of a legitimate governmental purpose, it should be upheld. *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 464, 101 S.Ct. 715, 723, 66 L.Ed.2d 659 (1981). The same analysis applies under either due process or equal protection analysis. *Guilliams v. Commissioner of Revenue,* 299 N.W.2d 138, 144 (Minn.1980).

■ Neither this court nor the United States Supreme Court has recognized freedom of choice or contract as fundamental rights sufficient to invoke strict judicial scrutiny. *Nebbia v. New York,* 291 U.S. 502, 527–28, 54 S.Ct. 505, 511–12, 78 L.Ed. 940 (1934). Similarly, age has never been considered a suspect classification. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). Hence, minimal judicial scrutiny is appropriate.

■ It is also a basic principle of constitutional law that the Act is presumed valid and the burden is on the challenging party to prove its invalidity. This court will not substitute its judgment for that of the legislature. *Exxon Corp. v. Governor of Maryland,* 437 U.S. 117, 124, 98 S.Ct. 2207, 2213, 57 L.Ed.2d 91 (1978).

■ Minn.Stat. §§ 62A.31–.42 (1982), must be upheld because the classification is rationally related to achievement of a legitimate governmental purpose. The parties agree that the purpose of the Act—curbing abuses by the insurance industry in selling policies to persons over age 65 and covered by Medicare—is a legitimate state purpose.

The classification is rationally related to achievement of that purpose for several reasons. First, the classification is tied to

---

1. For documentation of the abuses which had occurred see House Select Comm. on Aging, Abuses in the Sale of Health Insurance to the Elderly in Supplementation of Medicare: A National Scandal, H.R.Doc. No. 160, 95th Cong., 2d Sess. (1978).

the federally declared policy as to when individuals are eligible for Medicare coverage. These individuals have been the subjects of abuse by insurance agents. Second, the insurance industry does not generally market a Medicare supplemental policy to those under age 65. The record clearly demonstrates that Medicare recipients are a distinct class of individuals whose needs are different than those of the general public.

Finally, the Act requires insurance policies which purport to supplement Medicare to meet minimum standards. This is a reasonable approach to the problem of potential insureds receiving insufficient coverage.

Essling argues that this approach is not rationally related because the state should be regulating the insurance industry rather than penalizing those individuals over age 65 and covered by Medicare. However, the legislature is not required to "strike at all the evils at once." *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 466, 101 S.Ct. 715, 725, 66 L.Ed.2d 659 (1981). Essling "cannot prevail so long as 'it is evident from all the considerations presented to [the legislature], and those of which we may take judicial notice, that the question is at least debatable.'" *Id.* at 464, 101 S.Ct. at 723, quoting *United States v. Carolene Products Co.,* 304 U.S. 144, 154, 58 S.Ct. 778, 784, 82 L.Ed. 1234 (1938). It is "up to the Legislature * * * not courts to decide on the wisdom and utility of legislation." *Id.* at 469, 101 S.Ct. at 726, quoting *Ferguson v. Skrupa,* 372 U.S. 726, 729, 83 S.Ct. 1028, 1030, 10 L.Ed.2d 93 (1963). Based upon these considerations, Essling has failed to show that the legislative facts upon which the classification is apparently based could not reasonably have been conceived to be true by the legislature. *Id.* at 464, 101 S.Ct. at 723. The statute is upheld under the "rational basis" test.

2. The trial court concluded that the act unconstitutionally applied to travel insurance policies. This result is correct, but we conclude that the reasoning is overbroad. We observe that the Act fails to indicate expressly its applicability to travel insurance policies. When the words of a statute are not explicit, the intention of the legislature controls. Minn.Stat. § 645.16 (1982).

The stated purpose of the statute is *"An act relating to insurance; establishing standards applicable to accident or health insurance policies which purport to supplement medicare benefits * * *."* Act of May 29, 1981, ch. 318, 1981 Minn.Laws 1473, 1473. Although this is merely the title of the Act, we may rely upon it as an indicator of legislative intent.[2] Minn.Stat. § 645.16 (1982).

The intention of the legislature may be ascertained by considering, among other matters:

(1) The occasion and necessity for the law;
    *    *    *    *    *    *
(3) The mischief to be remedied;
(4) The object to be obtained;
    *    *    *    *    *    *
(6) The consequences of a particular interpretation;
    *    *    *    *    *    *

In determining this intent, we also must remember that the legislature does not intend an absurd or unreasonable result—Minn.Stat. § 645.17(1) (1982)—and does not intend to violate the constitution. Minn. Stat. § 645.17(3) (1982).

Relying upon these rules of construction, we conclude that the legislature never intended that the Act apply to travel coverages. There is no indication in the record that travel accident and health insurance has contributed to the evils sought

2. Statutory titles are required by the Minnesota Constitution. Minn. Const. art. IV, § 17. The purpose of the title is to inform the members of the legislature of the Act's content. *Western States Utilities Co. v. City of Waseca,* 242 Minn. 302, 315, 65 N.W.2d 255, 265 (1954).

Although the title was never intended as an index to the law, it may be considered for the purpose of ascertaining the legislature's intent. *State v. Northwestern States Portland Cement Co.,* 258 Minn. 162, 166, 103 N.W.2d 225, 227–28 (1960).

to be remedied by the legislature. It is unlikely that those individuals who are covered by Medicare would be misled to believe such policies supplement their Medicare policies. Since travel insurance does not purport to supplement Medicare, it was not intended by the legislature to come under the purview of the Act. Thus it is unnecessary to reach the question of whether the Act unconstitutionally affects travel insurance policies.

Affirmed.