In re ESTATE OF Amelia M. TURNER, Deceased.

No. C2–85–1136.

Court of Appeals of Minnesota.

Dec. 24, 1985.

Certification Granted Jan. 17, 1986.

Dennis D. Daly, Jr., St. Paul, for appellant.

Tom Foley, Ramsey County Atty., David Fortney, Kevin Short, Asst. Ramsey County Attys., St. Paul, for respondent.

Heard, considered and decided by POPOVICH, C.J., and LESLIE and NIERENGARTEN, JJ.

## OPINION

NIERENGARTEN, Judge.

This appeal is from an order of the Probate Court allowing the claim of the Ramsey County Community Human Services Department against the estate of Amelia Turner for recoupment of medical assistance payments. The Probate court found that although Minn.Stat. § 256B.15 (1984) does create a separate class of persons for different treatment based on age, the clas-

sification is rationally related to a legitimate government purpose and therefore is not unconstitutional. We affirm and certify.

## FACTS

In March 1977 the decedent, Amelia M. Turner, and her husband began receiving Medical Assistance (MA) from the Ramsey County Community Human Services Department (Human Services). In December 1977 decedent's homestead was sold and assets from the sale were used to pay for the costs of a nursing home. Ms. Turner and her husband stopped receiving MA after the sale of the homestead.

By May 1979 proceeds from the sale of the homestead were depleted and Ms. Turner (her husband died a year earlier) required MA once again to continue payment of her nursing home bills. She received MA for nearly four years.

In January 1983 Ms. Turner's sister died testate in Canada, leaving Ms. Turner one-half of her residuary estate worth approximately $500,000 Canadian. After receiving her distribution from her sister's estate Ms. Turner was taken off the MA rolls. From May 1983 until her death on October 3, 1984, decedent received no medical assistance.

Decedent's will left the entire residue of her estate to her friend, neighbor and legal guardian Minnie Tucci. The estate currently has a net appraisement of approximately $130,000, sufficient assets to pay all expenses of administration, debts, taxes, specific bequests and the claim by Human Services for MA paid to Ms. Turner in the amount of $63,630.39.

On January 4, 1985, Human Services presented its claim of $63,630.39 to the Estate of Amelia Turner pursuant to Minn. Stat. § 256B.15. Mrs. Tucci, the personal representative for the estate, disallowed the claim and gave notice on behalf of the estate to the Attorney General challenging the constitutionality of the statute.

The matter was heard before the Probate Court. The court found that Minn.Stat.

§ 256B.15 does create a separate class of persons for different treatment based upon age, but since the classification created is rationally related to a legitimate government purpose the statute is not unconstitutional. The court allowed the claim of Human Services in full.

## ISSUE

1. Does Minn.Stat. § 256B.15 deny equal protection of the law to medical assistance recipients over age 65 by requiring the filing of a claim against their estates for the total amount of medical assistance paid to them after the age of 65 when § 256B.15 does not contain a similar recoupment requirement for medical assistance to recipients under the age of 65?

## ANALYSIS

Minn.Stat. § 256B.15 limits recovery of medical assistance to recipients over the age of 65. *See* Minn.Stat. § 265B.15 (1984). For anyone over 65 who has been furnished medical assistance, recoupment is permitted from his or her estate in certain specified instances. *Id.*

Minn.Stat. § 256B.15 provides in part:

If a person receives any medical assistance hereunder, on his death, if he is single, or on the death of the person and his surviving spouse, if he is married, and only at a time when he has no surviving child who is under 21 or is blind or totally disabled, the total amount paid for medical assistance rendered for the person, after age 65, without interest, shall be filed as a claim against the estate of the person in the court having jurisdiction to probate the estate. The claim shall be considered an expense of the last illness of the decedent for the purpose of the section 524.3–805 * * *.

Minn.Stat. § 256B.15 (1984).

Title XIX of the Federal Social Security Act, authorizes federal grants to states for medical assistance to certain low-income persons. *See* 42 U.S.C.A. § 1396a (1983 & Supp.1985). To qualify for the federal grants-in-aid the state run programs must meet several federal guidelines. *See* 42 U.S.C.A. § 1396a (1983 & Supp.1985). Among these is a recoupment provision which permits post-65 payments to be recovered from a recipient's estate, "and then only after the death of his surviving spouse, if any, and only at a time when he has no surviving child who is under age 21 or * * * is blind or * * * disabled" *Id.* § 1396a # (a)(18).

In addition to continuing medical assistance for those over 65, federal regulations permit individual states to establish, apart from the federal scheme, eligibility for medical assistance to qualifying persons under the age of 65. 42 C.F.R. § 430.0(a) (1984). Exercising this option, the Minnesota legislature created several additional categories, including those persons under 65 who are totally disabled or blind and those persons under 65 who qualify for specified public assistance programs. *See* Minn.Stat. § 256B.06 (1984). Unlike medical assistance to persons over 65, a similar recoupment provision was not included in the state legislation creating medical assistance eligibility for qualifying persons under 65. This disparate treatment, the Turner Estate contends, sets up an discriminatory classification and thus is unconstitutional on equal protection grounds.

■ Equal protection analysis requires strict scrutiny of a legislatively created classification only if it impermissibly limits a fundamental right or affects a suspect class. Absent a fundamental right or suspect class, minimal judicial scrutiny is appropriate. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976). Under this standard, if the record indicates that the Act is rationally related to the achievement of a legitimate governmental purpose, it should be upheld. *Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 464, 101 S.Ct. 715, 724, 66 L.Ed.2d 659 (1981). A classification based on age has never been considered a suspect class. *See Murgia,* 427 U.S. at 313–314, 96 S.Ct. at 2567. Neither is the receipt of public assistance a fundamental right. *Dandridge*

*v. Williams* 397 U.S. 471, 485–486, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970). Hence, minimal judicial scrutiny is appropriate. *Essling v. Markman* 335 N.W.2d 237, 239 (Minn.1983) (citation omitted).

 The "rational basis" test requires the person challenging the statute to prove its invalidity. *See Exxon Corp. v. Governor of Maryland,* 437 U.S. 117, 124–125, 98 S.Ct. 2207, 2213, 57 L.Ed.2d 91 (1978). To overcome the presumption of constitutionality, the Turner Estate must show that the legislative classification created (1) does not uniformly apply to those similarly situated; (2) the distinctions between those within the class and those excluded from the class are manifestly arbitrary and; (3) the classification does not relate to the purpose for which the law was enacted. *See Schwartz v. Talmo,* 295 Minn. 356, 362, 205 N.W.2d 318, 322 (1973).

Although the two classes are superficially alike in that the members of both are recipients of medical assistance, they differ significantly in one important respect. To qualify for medical assistance, a person under 65 must be totally disabled, blind or eligible for a specified public assistance program. With the last category an individual applying for medical assistance must first meet the income and assets standards of the particular program. After this initial determination has been made the applicant must then qualify separately for medical assistance, meeting the same residency and financial requirements a person over 65 must meet. In contrast, a recipient who is over 65 may qualify for medical assistance without falling into one of the specified categories.

It is apparent, with the differences in eligibility requirements for recipients of medical assistance under the age of 65 and those recipients over the age of 65, that the two groups are not similarly situated. Thus, the recoupment provision for persons over 65 need not uniformly apply to recipients of medical assistance under 65.

Neither party has cited nor are we aware of any legislative history by either Congress or the Minnesota legislature articulating precise reasons for applying the recoupment provision for one class and not the other. Although no explicit purpose has been stated by the legislature for the distinction between the two classes, in applying the rationality requirement, the United States Supreme Court has been willing to uphold any classification based "upon a state of facts that reasonably can be conceived to constitute a distinction, or difference in state policy * * *." *Allied Stores v. Bowers,* 358 U.S. 522, 530, 79 S.Ct. 437, 443, 3 L.Ed.2d 480 (1959). *See generally* L. Tribe, *American Constitutional Law* § 16–3, at 996 (1978).

In *In Re Estate of Davis,* an identical constitutional challenge was addressed by the New York Court of Appeals against New York's counterpart to Minn.Stat. 256B.15. *See In Re Estate of Davis,* 57 N.Y.2d 382, 386, 442 N.E.2d 1227, 1229, 456 N.Y.S.2d 716, 718, (1982). In *Davis,* the court supplied one possible reason for the New York legislature's decision to apply the recoupment provision to only those persons over 65:

> So it is here that the Legislature may well have reasoned, for example, that younger medical assistance beneficiaries, * * *, in light of their longer life expectancy, would be more likely to recover their health and attain a state of self-sufficiency than would those over 65.

*Id.* at 389, 442 N.E.2d at 1230, 456 N.Y.S.2d at 719.

Given this reasoning the legislature could well conclude that the state will receive recoupment of its medical assistance payments from recipients under 65 through alternative means, namely, tax withholdings when those recipients requiring medical assistance return to full time employment.

Another possible purpose of the legislation is to recoup from those over 65 the expenses of what may likely be the last and most costly illness. The probate code provides a high priority to claims for the expenses of last illness. *See* Minn.Stat. § 524.3–805 (1984). The same priority is

explicitly stated in Minn.Stat. § 256B.15. Inclusion of a reference to 524.3–805 in the recoupment provision may reflect a policy decision by the legislature to make medical assistance funds available for redistribution to other qualified persons now that the recipient is deceased and no longer in need of state aid.

## DECISION

■ The Probate Court, pursuant to Minn.Stat. 256B.15, properly allowed the claim made by Human Services against Amelia Turner's estate for recoupment of medical assistance payments. Although 256B.15 does create a separate class of persons for different treatment based on age, the classification created is rationally related to the legitimate state interest of best utilizing scarce public funds. However, the constitutional issue raised by the representatives of Amelia Turner's estate is so important we request the Supreme Court to consider it. Accordingly, we certify this appeal to the Minnesota Supreme Court pursuant to Minn.Stat. § 480A.10 (1984) and Minn.R.Civ.App.P. 118.

Affirmed and certified.

## CERTIFICATION AND REQUEST

WHEREAS, the above-entitled appeal is now pending in this court; and

WHEREAS, this court has determined that certification of the matter to the Supreme Court for accelerated review pursuant to Minn.R.Civ.App.P. 118, subd. 3, and Minn.Stat. § 480A.10, subd. 2(b) (1984) is appropriate for the following reasons:

(1) The question whether Minn.Stat. § 256B.15 (1984), which provides for recoupment of medical assistance against persons over 65, is unconstitutional is an important one upon which the Supreme Court has not, but should, rule,

(2) For the reasons and analysis contained in the attached opinion.

IT IS HEREBY REQUESTED that the Supreme Court approve the certification of this matter. Counsel for any party may file a response to this request with the Supreme Court Commissioner, 322 State Capitol, St. Paul, MN 55155 within ten days of the date of this document.