*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0746**

State of Minnesota,
Respondent,

vs.

Babafemi Adewale Odukale,
Appellant.

**Filed May 4, 2015
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CR-13-27918

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Michael O. Freeman, Hennepin County Attorney, Brittany Lawonn, Lee W. Barry, Assistant County Attorneys, Minneapolis, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Bradford Colbert, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Peterson, Judge; and Worke, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant challenges his conviction of first-degree test refusal, arguing that the implied-consent statute violates the right to be free from unreasonable searches and seizures and violates the constitutional right to due process of law. We affirm.

## FACTS

On August 24, 2013, an officer was on patrol when he observed a vehicle traveling without illuminated head or tail lights. After stopping the vehicle, the officer spoke with the driver, appellant Babafemi Adewale Odukale, and noticed that appellant exhibited signs of impairment. When the officer asked whether appellant had been drinking, appellant responded in the affirmative. Appellant said that his name was Babashola Odukale, but he was unable to produce his driver's license. The officer was later able to locate Babashola Odukale's driving record and noticed that the photo of Babashola Odukale did not match appellant. The officer was able to locate a photo of appellant in the department of motor vehicles database and learned that appellant's license had been cancelled. The officer had appellant perform field sobriety tests, including a preliminary breath test, which indicated that appellant's alcohol concentration was .108.

The officer then transported appellant to the police station and read appellant the Minnesota Motor Vehicle Implied Consent Advisory (the implied-consent advisory). After indicating that he wished to speak to an attorney, appellant was given access to a telephone and phone books, but was unable to contact an attorney. Appellant indicated that he wanted to talk to a public defender, but was advised that a public defender would

not be available until after a court hearing. The officer asked appellant if he would take a breath test, and appellant refused. Appellant was advised that he would be charged with DWI test refusal.

The appellant was charged with first-degree refusal to submit to a chemical test, in violation of Minn. Stat. § 169A.20, subd. 2 (2012), driving after cancellation, in violation of Minn. Stat. § 171.24, subd. 5 (2012), and giving false information to a police officer, in violation of Minn. Stat. § 609.506, subd. 2 (2012).

On December 24, 2013, appellant filed a motion to dismiss the test-refusal charge, alleging a violation of his constitutional rights. On January 21, 2014, the district court denied this motion, finding that the implied-consent statute is constitutional. Following a trial on stipulated facts, appellant was convicted of first-degree test refusal.

Appellant appeals his conviction, arguing that the implied-consent statute is unconstitutional because it violates his right to be free from unreasonable searches and seizures and because it violates his due-process rights.

**D E C I S I O N**

**Standard of Review**

"The constitutionality of a statute is a question of law that [this court] review[s] de novo." *Rew v. Bergstrom*, 845 N.W.2d 764, 776 (Minn. 2014). This court presumes that statutes are constitutional and will strike down laws as unconstitutional only when absolutely necessary. *State v. Ness*, 834 N.W.2d 177, 182 (Minn. 2013). "The party challenging the constitutionality of a statute bears the very heavy burden of

3

demonstrating beyond a reasonable doubt that the statute is unconstitutional." *State v. Johnson*, 813 N.W.2d 1, 11 (Minn. 2012) (quotation omitted).

**A. The implied-consent law does not violate the right to be free from unreasonable searches and seizures.**

Appellant argues that "Minnesota's test refusal statute violates the constitutional right to be free from unreasonable searches and seizures." We disagree.

The United States and Minnesota Constitutions both prohibit unreasonable searches and seizures of "persons, houses, papers, and effects." U.S. Const. amend. IV; Minn. Const. art. 1, § 10. Warrantless searches are per se unreasonable unless an exception applies. *State v. Hummel*, 483 N.W.2d 68, 72 (Minn. 1992). Taking blood, urine, or breath samples from an individual constitutes a search under the Fourth Amendment. *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1412-13 (1989); *State v. Brooks*, 838 N.W.2d 563, 568 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014).

Minnesota's implied-consent statute states that anyone who "drives, operates, or is in physical control of a motor vehicle within this state or on any boundary water of this state consents . . . to a chemical test of that person's blood, breath, or urine for the purpose of determining the presence of alcohol." Minn. Stat. § 169A.51, subd. 1(a) (2012). The test may be required of a person when a police officer has probable cause to believe that the individual was driving while impaired, but the police cannot force an individual to consent to the test, subject to certain limited exceptions. Minn. Stat. § 169A.52, subd. 1 (2012); *see also* Minn. Stat. § 169A.52, subd. 1 (stating that a test

may be obtained despite the individual's refusal if the peace officer has probable cause to believe that the individual has committed criminal vehicular homicide or injury). However, "[i]t is a crime for any person to refuse to submit to a chemical test of the person's blood, breath, or urine." Minn. Stat. § 169A.20, subd. 2.

Appellant argues that Minnesota's implied-consent statute is unconstitutional because it authorizes searches where no exigency exists, in violation of *McNeely v. Missouri*, 133 S. Ct. 1552 (2013). In *McNeely,* the United States Supreme Court held that the dissipation of alcohol in the blood does not by itself establish exigent circumstances sufficient to excuse the police from obtaining a warrant. 133 S. Ct. at 1567-68.

The Minnesota Supreme Court recently rejected the argument that the implied-consent statute is unconstitutional because it authorizes warrantless searches where no exception to the warrant requirement applies. *State v. Bernard*, 859 N.W.2d 762, 772 (2015). *Bernard* involved the criminal conviction of an individual who refused to consent to chemical testing after being detained by police on suspicion of drunk driving. *Id.* at 764-65. In upholding the constitutionality of Bernard's conviction under the statute, the court held that "a warrantless breath test of Bernard would have been constitutional under the search-incident-to-arrest exception to the Fourth Amendment's warrant requirement." *Id.* at 772. The court reasoned that the search-incident-to-arrest exception is a well-recognized exception that has been used in many cases to permit "searches of the body beyond a pat down of those police have lawfully arrested." *Id.* at 767. The court stated that its holding was consistent with *McNeely* because *McNeely*

5

"addressed only the exigent-circumstances exception to the warrant requirement." *Id.* at 771.

Because the police had probable cause to arrest Bernard for DWI, the court concluded that a warrantless search of Bernard's breath would have been reasonable, stating that "a breath test is a search of the arrestee's person and is justified by virtue of the lawful arrest itself." *Id.* at 772.

*Bernard* compels the result in this case. Here, like in *Bernard*, the officer had probable cause to arrest appellant for driving while impaired. Because the officer had probable cause to arrest appellant, a warrantless breath test would have been reasonable under the search-incident-to-arrest exception as outlined in *Bernard*. The district court correctly rejected appellant's argument that the implied-consent law is unconstitutional because it authorizes unreasonable searches and seizures.

Appellant argues that the state in this case never raised the argument that a warrantless search would have been reasonable under the search-incident-to-arrest exception at the district court. Indeed, the waiver rule dictates that appellate courts will not decide issues that were not raised at the trial court level. *State v. Grunig*, 660 N.W.2d 134, 136 (Minn. 2003). However, "[a] respondent can raise alternative arguments on appeal in defense of the underlying decision when there are sufficient facts in the record for the appellate court to consider the alternative theories, there is legal support for the arguments, and the alternative grounds would not expand the relief previously granted." *Id.* at 137.

6

In this case, there is no dispute that appellant's arrest on suspicion of driving under the influence was lawful. Furthermore, our supreme court specifically endorsed the validity of the search-incident-to-arrest exception in implied-consent cases, and the alternative theory does not expand the relief granted in this case. Because the elements for considering alternative theories are met here, this court may properly base its decision on the search-incident-to-arrest exception to the warrant requirement.

**B.** **The implied-consent law does not violate the right to due process of law.**

Appellant also argues that Minnesota's implied-consent law is unconstitutional because it violates his substantive due-process rights. We disagree.

Both the United States and the Minnesota Constitutions protect an individual's right to due process of law. U.S. amends. V and XIV; Minn. Const. art. 1, § 7. "[S]ubstantive due process protects individuals from certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *In re Linehan*, 594 N.W.2d 867, 872 (Minn. 1999) (quotations omitted). The Due Process Clause protects the "fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition . . . and implicit in the concept of ordered liberty such that neither liberty nor justice would exist if they were sacrificed." *Washington v. Glucksberg*, 521 U.S. 702, 720-21, 117 S. Ct. 2258, 2268 (1997) (quotations omitted).

When a fundamental right is implicated, the court must apply strict scrutiny. *Essling v. Markman*, 335 N.W.2d 237, 239 (Minn. 1983). If no fundamental right is

implicated, the court will uphold the law if it is rationally related to the achievement of a legitimate governmental purpose. *Id.*

In *Bernard*, the Minnesota Supreme Court held that fundamental due-process rights were not implicated by the defendant's criminal prosecution for test refusal. 859 N.W.2d at 773. Because a warrantless breath test is reasonable where there is probable cause to arrest a person for drunk driving, the supreme court determined that the implied-consent statute does not implicate a fundamental right because "Bernard does not have a fundamental right to refuse a constitutional search." *Id.* Therefore, appellant's argument that a fundamental right is implicated fails.

Because it does not appear that appellant has demonstrated that a fundamental right is implicated, this court will uphold the law if it is rationally related to the achievement of a legitimate governmental purpose. *Essling*, 335 N.W.2d at 239. In *Bernard*, the supreme court held that the implied-consent statute satisfied rational-basis review because "criminalizing the refusal to submit to a breath test relates to the State's ability to prosecute drunk drivers and keep Minnesota roads safe." 859 N.W.2d at 774. Because the statute satisfies rational basis review, it is consistent with due process.

Appellant also argues that the implied-consent statute violates the unconstitutional-conditions doctrine because it requires that he give up his right to refuse to consent to a warrantless search in order to maintain his driving privileges. The unconstitutional conditions doctrine states that a state may grant a privilege "upon such conditions as it sees fit to impose," but "it may not impose conditions which require the

8

relinquishment of constitutional rights." *Frost v. R.R. Comm'n of Cal.*, 271 U.S. 583, 593-94, 46 S. Ct. 605, 607 (1926).

In *Bernard*, however, the supreme court held that a warrantless breath test is reasonable, under the search-incident-to-arrest exception to the warrant requirement, if the police had probable cause to arrest the driver on suspicion of driving under the influence. 859 N.W.2d at 772. Furthermore, the court stated that "Bernard does not have a fundamental right to refuse a constitutional search." *Id.* at 773. Because appellant, like Bernard, has no right to refuse a constitutional search, he is not forced to relinquish his constitutional rights in order to maintain his driving privileges. The district court properly rejected appellant's unconstitutional-conditions argument because the implied-consent law did not coerce appellant into relinquishing any of his constitutional rights.

**Affirmed.**