A. E. LOPER and Another v. STATE.[1]

December 20, 1900.

Nos. 12,358—(69).

**Amendment of G. S. 1894, § 7869—Horse Thieves—Bounty.**

Laws 1897, c. 144, amending G. S. 1894, § 7869, construed with reference to its title in connection with the rules of the legislature in force at the time of its enactment, and *held* to be valid.

**Same.**

Also, that such amendment reduces the bounty provided for the capture of horse thieves from $200 to $50.

Appeal by A. E. Loper and another from an order of the district court for Brown county, Webber, J. Affirmed.

*Bither & Haycraft,* for appellants.

*W. B. Douglas,* Attorney General, and *George T. Olsen,* County Attorney, for respondent.

[1] Reported in 84 N. W. 650.

LOVELY, J. •

Application was made to the judge of the district court for Brown county for $200 as a bounty provided, by law for securing the arrest and conviction of horse thieves, under G. S. 1894, §§ 7869–7871. It was, by the court, determined as a fact that the claimants were the only persons entitled to such bounty, but, upon the view that section 7869 had been amended by Laws 1897, c. 144, so as to reduce the amount of such bounty from $200 to $50, the latter sum was allowed, and directed to be divided equally among the claimants, who appeal from such allowance upon the contention that the amendment of 1897 was so ambiguous and uncertain as to have no legal force whatever.

The material portion of the law upon which claimants demand the bounty of $200 reads as follows:

"That the sum of two hundred dollars be paid to any person or persons for the arrest and conviction of each and every person that steals a horse or horses from any person or persons in this state, which amount shall be paid to the person or persons entitled thereto," etc.   G. S. 1894, § 7869.

The remaining portion of this and the two following sections relate to the manner in which the claim shall be allowed and paid. Laws 1897 c. 144, being entitled "An act to amend section 7869, chapter 127, of the General Statutes of Minnesota 1894, relating to bounties for the arrest of horse thieves," reads as follows:

"Section 1. That section 7869, chapter 127, General Statutes of Minnesota 1894, is amended by striking out from the first line of said section the word 'two,' and inserting instead thereof the word 'one,' so that said section 7869, when amended, shall read as follows: That the sum of fifty (50) dollars be paid to any person or persons for the arrest and conviction of any person or persons in this state, which amount shall be paid to the person or persons entitled thereto," etc.

It is urged by claimants that this amendment can be given no effect, for the reason that the first paragraph thereof reduces the $200 bounty provided for in section 7869 to $100, and, in further setting forth the act as amended, in the second paragraph it provides that the bounty shall be $50,—a manifest inconsistency.

Such inconsistency may have occurred either in the preparation of the bill or its engrossment in the legislature. It may be conceded that the amendment is unfortunate in the respect stated, but it is our duty to give such construction to its terms as will effectuate the intention of the lawmakers, if that intent can be derived from the whole body of the statute. There is no doubt that it was the purpose to provide for a reduction of the horse-thief bounty which had been paid prior to 1897. In doing so, under the rules of both branches of the legislature in force at the time, it was necessary that the whole of the amended portion of the previous statute should be set forth at length as amended. Legislative Manual, 1897, 127–131. We are of the opinion that, in compliance with these rules, the most material and important part of the amending act of 1897 is that portion where section 7869 as amended is set forth in full according to its tenor, and that the inconsistency between the introductory part and the portion where it is attempted to be set out at length was an oversight in not changing the words "one" in the former to "fifty" during the journey of the bill for the amendment through the two houses of the legislature.

While this subject is not free from doubt, we are of the opinion that more weight should be given to the language where the amended section is set forth in express terms than in the introduction or first paragraph, which attempts to state its effect by the change of one word only. This view would seem to give best expression to the real intent of the legislature, who were more likely to have assented to the paragraph which is extended according to its tenor than to the introductory clause; the object of the enactment apparently being to secure the greatest reduction in the interest of economy, which should have force in our construction of the amendment.

This is not the only error apparent in the amended statute. In copying section 7869 there was an evident oversight in leaving out the words "that steals a horse or horses from any person," so that, standing alone, it seemingly provides for a bounty for the conviction of any and every crime of which any per-

son may be convicted. It is easy to see how this mistake might have occurred. In the haste of copying from section 7869, where the word "person" is repeated, the eye of the engrossing clerk evidently passed too rapidly over the omitted words to this word (person) where it next occurred, and thus omitted words intended to be retained. Without the history of the law or reference to its title, it would be impossible to supply this omission, but it is unreasonable and absurd to conclude that the legislature intended in this amendment, adopted in the interest of economy, to provide a bounty for the conviction of every criminal offense in the catalogue of crime from murder to assault and battery, which construction would be in conflict with its title, and in violation of Const. art. 4, § 27. The titles of the original acts transferred to the General Statutes of 1894 clearly express their object (Laws 1875, c. 90; Laws 1877, c. 63), viz. to provide a bounty "for the arrest and conviction of horse thieves." The same purpose is also expressed in the subheads to the compilation of 1894 and the title of the amendment itself.

Legislative enactments are not to be defeated on account of mistakes, errors, or omissions, provided the intention of the legislature can be collected from the whole statute, and the title and its history may be referred to for that purpose. Sutherland, St. Const. § 260; Palms v. Shawano, 61 Wis. 211, 215, 21 N. W. 77; Grimes v. Byrne, 2 Minn. 72 (89); City of Winona v. Whipple, 24 Minn. 61; State v. Small, 29 Minn. 216, 12 N. W. 703; State v. O'Connor, 81 Minn. 79, 83 N. W. 498. Upon an inspection of the whole act it seems most probable that it was the purpose of the legislature to apply the amendment of 1897 to those cases embraced in the acts it seeks to amend, and to modify the law only in respect to the amount of the bounty, to secure a reduction of the same to the lowest sum named therein; and we think it our duty to give force to that intention.

Order affirmed.