COUNTY OF HENNEPIN v. CITY OF HOPKINS.[1]

May 22, 1953.

No. 36,034.

*Michael J. Dillon,* County Attorney, and *Frank J. Williams* and *John K. Harvey,* Assistant County Attorneys, for appellant.

*Frank N. Whitney,* City Attorney, and *W. H. Perbix,* for respondent.

KNUTSON, JUSTICE.

This is an appeal from a summary judgment.

The facts are not in dispute. On March 13, 1920, the county of Hennepin acquired from Hennepin County Fair Association, for a stated consideration of $17,000, a tract of land containing 21.38 acres by two deeds, one of which was given to correct the description in the other. The description of the property is not material. By these deeds the county became the owner of the land in fee simple without restrictions of any kind.

By resolution[2] dated December 31, 1951, the board of county

---

[1] Reported in 58 N. W. (2d) 851.

[2] "Resolved: That the County of Hennepin transfer by quit-claim deed to the City of Hopkins pursuant to the provisions of M. S. 1949, Sec. 465.035 as amended by Laws 1951, Ch. 73, the following described property for the sum of One Dollar ($1.00):

   * * * * *

"Resolved Further, That such conveyance be made subject to the existing

commissioners of Hennepin county authorized the conveyance of a small part of this land to the village of Hopkins for park and recreation purposes. Pursuant to such resolution, the county conveyed the land to the village by deed dated January 8, 1952, for a consideration of one dollar. The resolution and deed both state that they are executed pursuant to M. S. A. 465.035, as amended by L. 1951, c. 73. The deed, after the usual conveyancing clause and description of the property, contains the following reservations, restrictions, conditions, and reversionary clause:

"This conveyance is made subject to an existing lease between the County of Hennepin and the Hennepin County Agricultural Society dated the 15th day of October, 1949, on file in the office of the county auditor of Hennepin County, which lease provides for conducting thereon agricultural exhibits and fairs, and for any other purpose not incompatible with the purposes of said Hennepin County Agricultural Society under its articles of incorporation.

"Excepting and reserving unto the party of the first part any and all ore or other valuable minerals in and upon said premises with the right to explore for, mine and remove the same.

lease between the County of Hennepin and the Hennepin County Agricultural Society.

"Resolved Further, That the conveyance to the City of Hopkins be made subject to the following conditions:

"1. That the property be perpetually used by the City of Hopkins for park and recreation purposes and the laying out of such streets and alleys as the City of Hopkins may deem necessary.

"2. That the City of Hopkins permit the use of the grounds and buildings thereon for the holding of the Hennepin County Fair in the year 1952 by the Hennepin County Agricultural Society.

"3. That an easement be given by the City of Hopkins to the Hennepin County Agricultural Society for the use of sufficient land in the Southwesterly corner of the parcel to allow for the use of the horse barn located thereon for as long a time as it may be required by the Hennepin County Agricultural Society.

"Resolved Further, That the conveyance contain a provision to the effect that in the event any of such conditions are not at any time complied with, title to the property shall revert to the County of Hennepin."

"Also excepting and reserving to the party of the first part title to the horse barn located in the Southwesterly corner of said tract, with the right at any time to enter on said tract and repair, maintain or remove the same, together with an easement over a strip of land twenty feet (20 ft.) wide immediately adjacent to said barn on all sides thereof for access thereto.

"This conveyance is also made subject to the following conditions: (1) That the property be perpetually used by the grantee for park and recreation purposes and the laying out of such streets and alleys as the grantee may deem necessary; (2) That the grantee permit the use of the property and buildings thereon for the holding of the Hennepin County Fair in the year 1952, by the Hennepin County Agricultural Society. In the event either of such conditions is not at any time complied with, title to the property shall revert to the County of Hennepin and upon breach of either or both of said conditions, the County of Hennepin may reenter and take possession of the property."

The deed was recorded in the office of the register of deeds of Hennepin county on January 24, 1952.

Thereafter, on September 9, 1952, the board of county commissioners of Hennepin county, by resolution, requested the county attorney to bring an action to cancel and revoke such conveyance on the ground that the board had failed to comply with M. S. A. 373.01(3). This action was commenced pursuant thereto. Both parties moved for summary judgment. The court granted the motion of defendant, holding that the conveyance was valid, and this appeal followed from the judgment entered pursuant to the court's order.

It is the contention of plaintiff that § 373.01(3) must be read into § 465.035 and that the county could not convey the property involved under § 465.035 without first meeting the requirements of § 373.01(3).

In its present form, § 373.01 became law by L. 1907, c. 310, as an amendment to R. L. 1905, § 409. As far as here material, the statute prior to the amendment read:

"Powers—Each organized county is a body politic and corporate, and, as such, empowered to act for the following purposes:

\* \* \* \* \*

"3. To sell, lease, and convey any real or personal estate owned by the county, and make such order respecting the same as may be deemed conducive to the interests of its inhabitants."

The above section should be read in connection with R. L. 1905, § 411, which provides:

"Powers, how exercised—The powers of the county as a body politic and corporate shall only be exercised by the county board, or in pursuance of a resolution by it adopted; and deeds and other written instruments made by the county shall be executed in its name by the chairman of such board and by the auditor as clerk thereof."

Under these statutory provisions the power of the county to sell its real estate and to convey it pursuant to a resolution adopted by the board of county commissioners was unrestricted. McKusick v. County of Washington, 16 Minn. 135 (151); County of Blue Earth v. St. Paul & Sioux City R. Co. 28 Minn. 503, 11 N. W. 73.

By L. 1907, c. 310, a number of restrictions on the right of the county to sell its real estate were added by amendment to § 409. The statute as amended, now M. S. A. 373.01, as far as here material, reads:

"(3) To sell, lease, and convey any real or personal estate owned by the county, and to give contracts or options to sell, lease or convey any such real or personal estate, and make such order respecting the same as may be deemed conducive to the interests of its inhabitants; provided, no sale, lease or conveyance of any such real estate, nor any contract or option therefor, shall be valid, unless a resolution fixing a time for considering same and setting out the terms and conditions thereof shall be published in the official proceedings of the county commissioners at least 30 and not more than 60 days prior to the time it shall have been voted upon; provided, further, before causing the publication of any such resolu-

tion, the commissioners may require a satisfactory bond, to be furnished by the person or persons desiring such sale, a lease, conveyance, contract or option, conditioned to abide by the terms thereof, if granted to him or them; provided, further, if at the time so fixed any more favorable proposition or propositions shall have been filed with the auditor affecting the same property and accompanied by like satisfactory bond, all propositions may be at that time considered, and the one most favorable to the county accepted; provided, further, that in no case shall any such lands be disposed of without there being reserved to the county any and all iron ore and other valuable minerals in and upon the same, with right to explore for, mine and remove the same, nor shall such minerals and mineral rights be disposed of, either before or after disposition of the surface rights, otherwise than by mining lease, in similar general form to that provided by section 93.20 for mining leases affecting state lands, such lease to be for a term not exceeding 50 years, and to be issued on a royalty basis, royalty to be not less than 25 cents per ton of 2,240 pounds, and to fix a minimum amount of royalty payable during each year, whether mineral is removed or not; provided, further, prospecting options for such mining leases may be granted for periods not exceeding one year, such options to require, among other things, periodical showings to the county board of the results of exploration work done;"

Section 465.035 was first enacted by L. 1947, c. 34.[3] As originally enacted it read:

"**Gift by municipalities to governmental subdivision.** Any county, town, village or city owning lands in fee simple and not restricted by the grant may convey its lands for nominal consideration to any governmental subdivision for public use when duly authorized by its governing body."

[3] As originally introduced, the bill did not include counties. By amendment, the word "county" was inserted between the words "any" and "town" and the words "to any governmental subdivision" were inserted after the word "consideration." See, Journal of the House, 1947, p. 145.

The scope of the act was considerably enlarged by amendment under L. 1951, c. 73, which reads:

**"Public corporations, conveyance of land.** Any county, town, village, [or] city [owning lands in fee simple and not restricted by the grant] *or other public corporation* may convey its lands for nominal *or without* consideration to any governmental subdivision, *another public corporation or to the Minnesota State Armory Building Commission* for public use when [duly] authorized by its governing body."

The italicized portions shown above were added by the amendment, and the words in brackets were eliminated.

It is elementary that the fundamental aim of construction of a statute is to ascertain and give effect to the intention of the legislature. In determining legislative intent we may consider the legislative history of the act, the subject matter as a whole, the purpose of the legislation, and the objects to be secured thereby. State ex rel. Bergin v. Fitzsimmons, 226 Minn. 557, 33 N. W. (2d) 854. While "the title of an act is not of decisive significance and may not be used to vary the plain import of a statute's explicit language within the scope of the title" (LaBere v. Palmer, 232 Minn. 203, 206, 44 N. W. [2d] 827, 829), the title of an act may be considered in determining legislative intent. State ex rel. Getchell v. O'Connor, 81 Minn. 79, 83 N. W. 498; Loper v. State, 82 Minn. 71, 84 N. W. 650; State v. N. W. Tel. Exch. Co. 107 Minn. 390, 120 N. W. 534; Underhill v. State, 208 Minn. 498, 294 N. W. 643; 6 Dunnell, Dig. & Supp. § 8964.

Plaintiff apparently takes the position that only that part of § 373.01(3) which requires a resolution fixing a time for considering the sale and the publication thereof including the terms and conditions of the sale is applicable. It is obvious that if this statutory provision is applicable at all it is applicable in its entirety. Compliance therewith would mean that: (1) A resolution fixing the time for the sale, setting out the terms and conditions of the sale is required; (2) a publication of the resolution in the official proceedings of the county commissioners not less than 30 nor more

than 60 days prior to the time it was to be voted upon is required; (3) the county may require of the "person or persons" desiring such sale a bond conditioned to abide by the terms thereof if granted to him or them; (4) if at the time fixed a more favorable proposition has been filed with the auditor, accompanied by the required bond, such proposition may be considered and the one most favorable to the county accepted; and (5) provision must be made for reservation of iron ore and other valuable minerals and no such mineral rights could be disposed of except as provided by the act.

It is obvious that the purpose of the amendment of R. L. 1905, § 409, by L. 1907, c. 310, was to make sure that the county, in selling its real estate, would have an opportunity to accept the most favorable proposition obtainable. On the other hand, it is clear from the title of L. 1947, c. 34, that the legislature intended to provide a means whereby one of the designated governmental subdivisions might convey its real estate to another governmental subdivision for a public use for a nominal consideration. Use of the word "Gift" in the title of the 1947 act is completely inconsistent with the obvious purpose of the restrictions placed on the county by L. 1907, c. 310. When L. 1947, c. 34, was amended by L. 1951, c. 73, use of the word "gift" in the title was eliminated, but in the body of the act it was provided that a county, or one of the other governmental subdivisions named, could convey to another governmental subdivision for public use *without any consideration,* which in itself would imply a gift. It seems clear to us that as applied to a county the object of L. 1947, c. 34, as amended by L. 1951, c. 73 (M. S. A. 465.035), is to remove the restriction imposed upon the authority of a county to convey land owned by it by L. 1907, c. 310 (M. S. A. 373.01), so as to permit a county to give land which it owns to another governmental subdivision, public corporation, or to the Minnesota state armory building commission for public use, pursuant to a resolution of its governing board of commissioners.

It follows that, as long as the conveyance meets the requirements of § 465.035, a county may convey without complying with § 373.01.

Here the deed expressly limits the use of the property by the village of Hopkins to park or recreational purposes. It provides for a reversion to the county in case the property is not so used. That a use so limited by the deed of conveyance is a public use cannot well be denied. It must follow that the county board had authority to adopt the resolution which it adopted on December 31, 1951, and that the deed executed by the county pursuant to such resolution is a valid conveyance. The trial court correctly so held, and the judgment must be affirmed.

Affirmed.