**Audrey LECY, Appellant,**

v.

**SAGE COMPANY, Respondent.**

**No. C2–90–633.**

Court of Appeals of Minnesota.

Sept. 11, 1990.

Review Denied Oct. 25, 1990.

Douglas A. Hedin, Minneapolis, for appellant.

Lewis A. Remele, Jr., Bonita J. Girard, Bassford, Heckt, Lockhart, Truesdell & Briggs, P.A., Minneapolis, for respondent.

Considered and decided by WOZNIAK, C.J., and FOLEY and SCHULTZ *, JJ.

## OPINION

HAROLD W. SCHULTZ, Judge.

Audrey Lecy appeals from a summary judgment dismissing her claim against Sage Company for ordering her to "retire"

from their employ in violation of Minn.Stat. § 181.81 (Supp.1987). The trial court also dismissed Lecy's claim for age discrimination under the Minnesota Human Rights Act on statute of limitation grounds. Lecy does not appeal that decision.

## FACTS

After 15 years of employment as a caretaker and resident manager of Heritage Square Apartments, Audrey Lecy was given a letter from the managing partner of Sage Company telling her that she was "retired" as of November 20, 1987. The notice thanked her for her "many years of loyal service" and further stated:

> Your contributions and dedication have been an asset to our organization.
>
> \* \* \* \* \* \*
>
> We feel that retirement may offer you an opportunity to pursue personal goals without the responsibility of employment.
>
> \* \* \* \* \* \*
>
> Your Service to Sage Company has been outstanding. To show our appreciation, we offer you the use of Apartment # 22 in 1001 Building (a value of $6,480.00) for the period of one year \* \* \*.
>
> \* \* \* \* \* \*
>
> Thank you again, Audrey, for your loyal devotion and service. We wish you the very best in your future.

Sage Company simultaneously dispatched an announcement of Lecy's "retirement" to tenants in the apartment complex.

Lecy was 63 years old when she received this notice. She immediately wrote to Goodman protesting her retirement and asking him to explain his action. She received no written response to her inquiry. Sage has not presented evidence concerning its reasons for discharging her.

Lecy brought this action alleging that her involuntary discharge was in violation of Minn.Stat. §§ 363.03 and 181.81. Sage moved for summary judgment. The trial court dismissed both claims, finding that the statute of limitations had run on Lecy's

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 2.

claim under chapter 363 and that she had failed to show a prima facie case of discharge pursuant to a retirement policy in violation of section 181.81.

## ISSUES

1. Did the trial court err in interpreting Minn.Stat. § 181.81, subd. 1(a), to apply only where an employee is discharged according to a retirement policy?

2. Did Lecy present a prima facie case of discharge from employment in violation of Minn.Stat. § 181.81, subd. 1(a)?

## ANALYSIS

The trial court granted Sage's motion for summary judgment because, based on its interpretation of Minn.Stat. § 181.81, Lecy did not show a genuine issue of material fact and Sage was therefore entitled to summary judgment as a matter of law. *See* Minn.R.Civ.P. 56.03. On appeal from a summary judgment, this court must determine only whether there is any issue of material fact and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979).

■ Statutory interpretation based on undisputed facts is a question of law, which this court reviews de novo. *A.J. Chromy Construction Co. v. Commercial Mechanical Service, Inc.,* 260 N.W.2d 579, 582 (Minn.1977). Sage does not dispute that it sent Lecy and the tenants the letters which she presented as evidence to support her claim. It disagrees with her interpretation of those letters, but did not present any other evidence of its reasons for discharging Lecy.

1. Minn.Stat. § 181.81 (Supp.1987), titled "DISMISSAL FOR AGE," states in part:

It is unlawful for any private sector employer to refuse to hire or employ, or to discharge, dismiss, reduce in grade or position, or demote any individual on the grounds that the individual has reached an age of less than 70, * * *.

*Id.,* subd. 1(a). The statute of limitations for claims brought under Minn.Stat.

§ 181.81 (1986) is two years. *See Kyllo v. Farmers Cooperative Co. of Wanamingo,* 723 F.Supp. 1332, 1337 (D.Minn.1989).

The trial court found that Lecy's claim of age discrimination under chapter 363 was time barred. The court determined that because the statute of limitations was longer for claims brought under Minn.Stat. § 181.81 than for a claim of age discrimination brought under chapter 363, it was incumbent on the court to interpret Minn. Stat. § 181.81 narrowly and thereby prevent Lecy from circumventing the shorter time limitation. The trial court found that Lecy's complaint and supporting evidence showed a claim for "age discrimination" under chapter 363 rather than a "mandatory retirement" in violation of Minn.Stat. § 181.81.

■ A general rule of construction is that statutes which are regarded by courts as humanitarian or which are grounded on a humane public policy are usually construed liberally. *Nording v. Ford Motor Co.,* 231 Minn. 68, 76–77, 42 N.W.2d 576, 581–82 (1950) (construing the unemployment compensation statute); *see also* Minn. Stat. § 363.11 (1988) (providing that the provisions in chapter 363 "shall be construed liberally for the accomplishment of the purposes thereof").

■ Minn.Stat. § 363.03 (1986) provides: Except when based on a bona fide occupational qualification, it is an unfair employment practice:

 * * * * * *

(2) For an employer, because of * * * age,

(a) to refuse to hire or to maintain a system of employment which unreasonably excludes a person seeking employment; or

(b) to discharge an employee; or

(c) to discriminate against a person with respect to hiring, tenure, compensation, terms, upgrading, conditions, facilities, or privileges of employment.

Minn.Stat. § 363.03, subd. 1 (1986). It is apparent that when a person has been discharged from employment in violation of Minn.Stat. § 181.81, a statute concerned

with involuntary discharges based on age, that the person may also be able to state a claim under Minn.Stat. § 363.03, subd. 1(2)(b), for discharge based on age.

■ While Minn.Stat. § 181.81 has been applied in cases concerning implementation of a retirement policy, *see Strand v. Special School District No. 1*, 392 N.W.2d 881, 886 (Minn.1986), the statute does not express an application only to discharges involving retirement policies, nor is there other evidence of legislative intent to so narrowly limit application of this statute.

The legislature has recognized the connection between a cause of action under Minn.Stat. § 181.81 and chapter 363 and has provided that a person "may" allege a claim under both statutes in the same action:

> [T]he plaintiff *may* in the same action allege a violation of chapter 363, and seek relief under that chapter if all the procedural requirements of chapter 363 have been met. Alternatively, when a charge is filed or an action commenced alleging a violation of chapter 363, the plaintiff *may* in the same action allege a violation of this section and seek relief under this section. In either case, when determining whether or not a violation of chapter 363, has occurred the court shall incorporate the substantive requirements of this section into any duties and rights specified by chapter 363.

Minn.Stat. § 181.81, subd. 2(c) (emphasis added). In recognizing the connection between these two claims and permitting, rather than mandating, that a person can bring claims under both statutes in the same action, the legislature has provided that a cause of action under section 181.81 is independent of, not dependent on, chapter 363. It appears that the legislature carefully considered and expressly provided where the two statutes should be dependent on provisions in the other, subsequently directing that certain definitions in chapter 363 should be used in section 181.-81 and that a mandatory retirement age would not violate chapter 363 if it was established in compliance with section 181.-81. Minn.Stat. §§ 181.81, subd. 1(d) and 363.02, subd. 6.

We also note that the two statutes are administered by different agencies and provide substantially different relief. The remedies provided by section 181.81, back pay or reinstatement, are considerably less than those provided by chapter 363, which include punitive damages, treble damages, civil damages, and compensation for emotional distress. *See* Minn.Stat. §§ 181.81, subd. 2(b) and 363.071, subd. 2. There is, therefore, a significant disadvantage to failing to meet the procedural requirements in chapter 363. By bringing a claim under section 181.81, a person does not circumvent the procedural requirements in chapter 363.

■ The trial court attached some significance to the title of subdivision 1 of Minn. Stat. § 181.81. While a title may be considered when determining legislative intent, it is not of decisive significance and cannot be used to alter the plain import of a statute's explicit language within the scope of the title. *County of Hennepin v. City of Hopkins*, 239 Minn. 357, 362, 58 N.W.2d 851, 854 (1953).

Subdivision 1 of section 181.81 was enacted without a title and remained untitled until 1987, when a title was provided that reads: "RESTRICTION ON MANDATORY RETIREMENT AGE." 1987 Minn. Laws ch. 284, art. 2, § 3. This new title appeared in conjunction with a bill to amend various statutes relating to retirement and is substantially narrower than the scope of this subdivision. More significantly, the title to section 181.81, "Dismissal for Age," provides a scope which encompasses the interpretation applied by this court.

■ In conclusion, we hold that Minn. Stat. § 181.81, subd. 1 provides a cause of action for a person who is involuntarily discharged from employment based on their age when that person has not yet reached 70. *See Bruss v. Toro Co.*, 427 N.W.2d 17, 19 (Minn.App.1988) (reversing summary judgment and remanded for trial where an employee who was less than 70 was involuntarily discharged based on age);

Johnson, BenAnav and Bush, *Synopsis of 1978 Minnesota Legislation,* Hennepin Lawyer, July–August 1978 at 17 (article by senate counsel, stating that newly enacted 181.81 "prohibits employers from * * * terminat[ing] any employee on grounds of age if that employee has not yet reached 70").

2. Sage argues that it used the word "retirement" in its notice to Lecy and its tenants in order to "soften the blow" of her discharge. It claims that its discharge of Lecy was not based on her age. On appeal from a summary judgment, we must, however, view the evidence in the light most favorable to Lecy, the nonprevailing party. *See Grondahl v. Bulluck,* 318 N.W.2d 240, 242 (Minn.1982).

 If Lecy's evidence is uncontroverted, then Sage's use of the word "retirement," coupled with the circumstances of Lecy's age and refusal to voluntarily terminate her employment is sufficient evidence to support a finding of violation of Minn. Stat. § 181.81 for involuntarily retiring Lecy before she reached age 70.

### DECISION

The trial court erred in applying a narrow interpretation of Minn.Stat. § 181.81, subd. 1, by requiring that Lecy prove she was terminated pursuant to a mandatory retirement policy. Lecy has shown a prima facie case for violation of section 181.81; therefore, the trial court erred in granting Sage's motion for summary judgment.

Reversed and remanded.