Ronald **HYLAND**, et al., d/b/a G & R Transportation, Appellants,

v.

**METROPOLITAN AIRPORTS COMMISSION, Respondent.**

No. C9–95–955.

Court of Appeals of Minnesota.

Oct. 17, 1995.

Ronald J. Riach, Heidi J.K. Fessler, Franke and Riach, P.A., Roseville, for Appellants.

Donald W. Selzer, Jr., Jacob M. Holdreith, Oppenheimer, Wolff & Donnelly, St. Paul, for Respondent.

Considered and decided by LANSING, P.J., and RANDALL and HARTEN, JJ.

## OPINION

HARTEN, Judge.

Appellants sued the Metropolitan Airports Commission (MAC), challenging certain fees established pursuant to MAC Ordinance No. 79. The district court granted summary judgment in favor of MAC, ruling that the fees did not constitute an invalid tax and were not preempted by state law. We agree and affirm.

## FACTS

Appellants Ronald and Gail Hyland, d/b/a G & R Transportation (G & R), own and operate a personal transportation service regulated by the State of Minnesota.[1] G & R's personal transportation vehicles pick up passengers at the Minneapolis–St. Paul International Airport. The respondent Metropolitan Airports Commission (MAC) is a political corporation with jurisdiction over the airport.

MAC passed Ordinance No. 79, effective May 20, 1994. The ordinance implements a comprehensive ground transportation system and imposes fees upon commercial ground transportation vehicles using designated commercial lanes for picking up passengers at the airport.

The ordinance imposes fees upon vehicles exceeding prescribed times for picking up passengers or cargo in the commercial lanes. The ordinance also establishes an Automatic Vehicle Identification (AVI) system. An owner of a commercial vehicle must pay an initial fee of $50 for an AVI tag in order to use the designated AVI lanes. The AVI system is a radio-frequency identification system utilizing the AVI tags, readers, a reader-controller, and a central computer. AVI fees in the amount of $.75 per trip are charged to commercial vehicles using the AVI lanes. Instead of using the AVI lanes, a commercial vehicle may use designated "cash commercial lanes" and pay $5 per trip.

In June 1994, G & R sued MAC, claiming that the system of fees imposed under the ordinance constituted an invalid tax and was preempted by state and federal law. G & R sought damages for fees paid in the past and an injunction prohibiting MAC from continuing to charge the fees.

Both parties moved for summary judgment, and the district court granted MAC's motion and dismissed G & R's complaint.

## ISSUE

Does MAC have the authority to charge fees to commercial vehicles that pick up passengers at the airport?

## ANALYSIS

 The district court granted summary judgment in favor of MAC, concluding that it had the power to charge fees to commercial vehicles picking up passengers at the airport. On appeal, we must determine whether there is any genuine issue of material fact and whether the district court erred in applying the law. *Offerdahl v. University of Minn. Hosps. & Clinics,* 426 N.W.2d 425, 427 (Minn.1988). We must view the evidence in favor of the party against whom summary judgment was granted. *Id.*

 MAC is a public corporation, with limited powers and responsibilities. Minn. Stat. § 473.603 (1994); *Alevizos v. Metropolitan Airports Comm'n,* 298 Minn. 471, 491, 216 N.W.2d 651, 664 (1974). "As such, it has no inherent powers, but rather it only has 'such powers as are expressly conferred by statute or are implied as necessary in aid of those powers which are expressly conferred.'" *Alevizos,* 298 Minn. at 491, 216 N.W.2d at 664 (quoting *Village of Brooklyn Ctr. v. Rippen,* 255 Minn. 334, 336, 96 N.W.2d 585, 587 (1959)).

 The fees imposed by the ordinance are designed in part to generate revenue to pay for improvements to the airport's ground transportation facilities. As such, G & R argues that the fees constitute an invalid tax. Municipalities have no inherent power of tax-

1. "Personal transportation service" is service that
(1) is not provided on a regular route;
(2) is provided in a personal transportation service vehicle as defined in section 168.011, subdivision 36;
(3) is not metered for the purpose of determining fares;
(4) provides prearranged pickup of passengers;
(5) charges more than a taxicab fare for a comparable trip.

Minn.Stat. § 221.011, subd. 34 (1994). A "personal transportation service vehicle" is
a passenger vehicle that has a seating capacity of up to six persons excluding the driver, or a van or station wagon with a seating capacity of up to 12 persons excluding the driver, that provides personal transportation service as defined in section 221.011, subdivision 34.
Minn.Stat. § 168.011, subd. 36 (1994).

ation, but only that power granted by the Constitution or legislature. *State v. Northern Raceway Corp.,* 381 N.W.2d 526, 528 (Minn.App.1986), *review denied* (Minn. Apr. 24, 1986). Similarly, we conclude that MAC, as a political corporation created by the legislature, has no inherent power of taxation, but only that power granted by the legislature.

The legislature has expressly granted MAC the power to issue general obligation revenue bonds, accept gifts or loans, and require metropolitan counties to raise property taxes. Minn.Stat. §§ 473.6021; 473.608, subd. 14; 473.661, subd. 2 (1994). In addition, MAC has the following powers:

> The corporation, subject to the conditions and limitations prescribed by law, shall possess all the powers as a body corporate necessary and convenient to accomplish the objects and perform the duties prescribed by sections 473.601 to 473.679, including but not limited to those hereinafter specified.

Minn.Stat. § 473.608, subd. 1.

> The corporation shall have the authority to determine the charges for the use of any of the property under its management and control, and the terms and conditions under which such property may be used. Where there is reasonable basis for classification of users as to any use, the corporation may classify users, but charges as to each class shall be reasonable and uniform for such use, and established with due regard to the value of the property and improvements used and the expense of operation to the corporation.

Minn.Stat. § 473.651 (1994).

■ We conclude that the above statutes authorize MAC to charge fees to operators of commercial vehicles using the commercial lanes at the airport to pick up passengers. Pursuant to Minn.Stat. § 473.608, MAC has all powers "necessary and convenient" to accomplish its purposes. Pursuant to Minn. Stat. § 473.651, MAC may charge fees for the use of its property.

G & R argues that Minn.Stat. § 473.651 does not authorize the fees charged to commercial vehicles because the caption of the statute, "Rentals Fixed," indicates that MAC may only charge rental fees for definable facilities, such as space leased by commercial enterprises for businesses in the airport.

■ A statutory title may be considered when attempting to ascertain the legislature's intent. *Essling v. Markman,* 335 N.W.2d 237, 240 n. 2 (Minn.1983). But although the title may be considered, "it is not of decisive significance and cannot be used to alter the plain import of a statute's explicit language within the scope of the title." *Lecy v. Sage Co.,* 460 N.W.2d 102, 105 (Minn.App. 1990) (citing *County of Hennepin v. City of Hopkins,* 239 Minn. 357, 362, 58 N.W.2d 851, 854 (1953)), *review denied* (Minn. Oct. 25, 1990). Minn.Stat. § 473.651 allows MAC to impose fees for the use of "any of the property" under MAC's management and control. The plain import of this statute authorizes MAC to impose fees for use of the commercial lanes at the airport.

> The fees charged by MAC must be reasonable and uniform for such use, and established with due regard to the value of the property and improvements used and the expense of operation to the corporation.

*Id.* Here, the disputed fees are charged to vehicles using the commercial lanes to pick up passengers at the airport. According to the ordinance, the fees are used to "provide for the equitable allocation of the costs of establishing and maintaining ground transportation facilities at the Airport." The record indicates that the fees are being charged to recover costs directly associated with the use of the commercial ground transportation roadways and facilities. The district court properly concluded that the fees are patently reasonable.

■ Finally, G & R argues that MAC's ordinance is preempted by Minn.Stat. § 221.091 (1994):

> [N]o such city [of the first class] shall prohibit or deny the use of the public highways within its territorial boundaries by any such carrier for transportation of passengers or property received within its boundaries to destinations beyond such boundaries * * * where such operation is pursuant to a certificate of convenience

and necessity issued by the commission or to a permit issued by the commissioner under section 221.84 or 221.85.

MAC is not a city of the first class, to which the statute applies. *See* Minn.Stat. § 410.01 (1994) (defining cities of the first class).

Moreover, the issue of G & R paying fees for ongoing use of commercial lanes at the airport may now be moot. We note that MAC's ordinance became effective on May 20, 1994. Effective August 1, 1994, the Minnesota legislature passed the following statute:

> A vehicle bearing personal transportation service license plates may not pick up passengers for hire within Anoka, Carver, Dakota, Hennepin, Ramsey, Scott, or Washington county.

1994 Minn Laws ch. 635, art. 1, § 9 (codified at Minn.Stat. § 168.1281, subd. 5(a) (1994)). It is undisputed that the airport is located in Hennepin County.

G & R argues that the 1994 legislation is inapplicable because in another statute, the legislature has required the Commissioner of Transportation to adopt a rule prohibiting holders of personal transportation service permits from picking up passengers for hire within Anoka, Carver, Dakota, Hennepin, Ramsey, Scott, or Washington Counties. Minn.Stat. § 221.85, subd. 1 (1994). G & R claims that because the Commissioner has not yet promulgated such a rule, G & R may still pick up passengers at the airport.

The express language of Minn.Stat. § 168.1281, subd. 5, however, prevents G & R from picking up passengers in Hennepin County. *See Arlandson v. Humphrey,* 224 Minn. 49, 54, 27 N.W.2d 819, 823 (1947) (where language of statute is certain and unambiguous, there is no room for judicial interpretation). The language of this statute is not rendered ineffective by the fact that the Commissioner has not yet promulgated a rule pursuant to Minn.Stat. § 221.85, prohibiting the same conduct. Rather, the two statutes may be construed consistently to prohibit G & R from picking up passengers in the six-county metropolitan area and to also require the promulgation of a rule to that effect. *See Lenz v. Coon Creek Watershed Dist.,* 278 Minn. 1, 11, 153 N.W.2d 209, 217 (1967) ("statutes in pari materia covering the same subject matter should be construed consistently, if reasonably possible").

## DECISION

MAC has the authority to charge the disputed fees, and there is no evidence that the fees are unreasonable. The district court properly granted summary judgment in favor of MAC.

**Affirmed.**