**In re the Marriage of Sara Helen JONES, f/k/a Sara Jones Jarvinen, petitioner, Respondent,**

v.

**Craig Shawn JARVINEN, Appellant.**

**No. A11–1627.**

Court of Appeals of Minnesota.

April 30, 2012.

Karen Terese Kugler, Roseville, MN, for respondent.

Craig S. Jarvinen, Minneapolis, MN, pro se appellant.

Considered and decided by WRIGHT, Presiding Judge; KALITOWSKI, Judge; and CRIPPEN, Judge.

## OPINION

CRIPPEN, Judge.[*]

Appellant challenges the district court's denial of his motion for retroactive correction of a child-care award. The district court also denied the merit in appellant's request for redetermination of his basic support obligation, based on his non-overnight parenting time. Because the governing statute provides that child-care support must be based on expenses actually incurred and permits retroactive correction of a child-care support obligation to the date child-care expenses decreased, we reverse and remand for further consideration of father's claim on that issue. We affirm the district court's determination of support based on appellant's overnight parenting time.

## FACTS

In 2005, one year after the district court dissolved their marriage, the parties stipulated to an amended judgment that provided for joint legal and physical custody of their children, a parenting plan, and an agreement to equally divide expenses for the children. On the motion of respondent Sara Jones, the district court established appellant Craig Jarvinen's basic child-support obligation in 2007, including a child-care support obligation.

In November 2010, appellant moved for decrease of his support obligations, asserting that he had been unemployed since April 2010. He also claimed that the parties no longer had work- or education-related child-care expenses and that, based in part on his additional non-overnight parenting time, each parent had effectively equal parenting time. After a hearing, a child-support magistrate (CSM) decreased appellant's basic support but found that, based on the judgment, appellant's overnight parenting time was less than the 45.1% required for parenting time to be presumed equal for support purposes. The CSM also found that work-related child-care expenses ended on December 31, 2010, due to the children's ages, but that appellant was obligated to pay child-care support of $152 per month through December 2010.

Seeking district court review, appellant's arguments included the claim that his child-care support should have been reduced effective for November 2009, when work-related child-care expenses actually ended. The district court, premised on the statute limiting retroactive child-support relief, affirmed appellant's child-care obligation through November 2010 (but without an obligation for December 2010) because his modification motion was not served until November 2010. The district court also found that the record supported the CSM's parenting-time determination.

## ISSUES

1. Did the district court err by deciding that it lacked authority to modify appellant's child-care support obligation as of a date before service of appellant's support-modification motion?

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

2. Is appellant entitled to a reduction of basic support, based on his claim of non-overnight parenting time spent with the children?

## ANALYSIS

### 1.

 The district court reviews the decision of a CSM de novo, and this court examines the district court's decision on child-support matters for an abuse of discretion. *Davis v. Davis*, 631 N.W.2d 822, 825 (Minn.App.2001); *Gully v. Gully*, 599 N.W.2d 814, 820 (Minn.1999). Statutory interpretation and the application of a statute to undisputed facts present questions of law, which this court reviews de novo. *Brodsky v. Brodsky*, 733 N.W.2d 471, 477 (Minn.App.2007).

 The terms of a child-support order may be modified upon a showing of a substantial change in circumstances that makes the terms of the previous support order unreasonable and unfair. Minn.Stat. § 518A.39, subd. 2(a) (2010). Appellant has argued that because respondent failed to provide any evidence of child-care expenses actually incurred after November 2009, the district court erred by failing to eliminate his child-care support obligation for the year of December 2009 through November 2010. In its order, the district court declined to modify appellant's child-care support obligation, citing Minn.Stat. § 518A.39, subd. 2(e) (2010), the statutory provision prohibiting a retroactive modification of support for any period before the service of the motion to modify support.

Appellant argues that the issue is governed by a more recent provision of the modification statute, Minn.Stat. § 518A.39, subd. 7 (2010): "Child care support must be based on the actual child care expenses. The court may provide that a decrease in the amount of the child care based on a decrease in the actual child care expenses is effective as of the date the expense is decreased." [1] *Id.* To address appellant's argument, we examine the plain language of subdivision 7, "draw[ing] from [its] full-act context." *Occhino v. Grover*, 640 N.W.2d 357, 359 (Minn.App.2002), *review denied* (Minn. May 28, 2002); *see* Minn. Stat. § 645.16 (setting forth plain-meaning rule).

The statute's use of the term "must" creates a mandate that child-care support be based on actual child-care expenses. *See* Minn.Stat. § 645.44, subd. 15(a) (2010) (stating that " '[m]ust' is mandatory"). The subsequent use of the term "may" in subdivision 7 is permissive, giving the district court authority to provide a decrease in child-care support that is effective as of the date that the expense is decreased. Minn.Stat. § 518A.39, subd. 7; *see also* Minn.Stat. § 645.44, subd. 15 (2010) (stating that " '[m]ay' is permissive"). Viewed together with the retroactivity provision of subdivision 2, the statute indicates that child-care support awards are treated differently than other child-support awards; on child-care support awards, the district court is permitted to look beyond the date of the filing of the modification motion to grant retroactive relief in circumstances where this is appropriate.

1. In 1995, the Minnesota legislature amended Minn.Stat. § 518.64, the predecessor to the current statute addressing modification of child support, by adding a provision allowing the district court to reduce the amount allocated for child-care expenses, effective as of the date the expenses decreased. 1995 Minn. Laws ch. 257, art. 1, § 31, at 2662. The provision in the current support modification statute requiring that child-care support "must be based on ... actual child care expenses" took effect with respect to motions filed after January 1, 2007. 2006 Minn. Laws ch. 280, § 11, at 1125; 2006 Minn. Laws ch. 280, § 32, at 1145.

If we were to consider the statute to be ambiguous, and therefore susceptible to interpretation, we would reach the same result. The title of subdivision 7, "Child care exception," suggests that the legislature intended subdivision 7 to operate as an exception to the general retroactivity provision in subdivision 2. *See Hyland v. Metro. Airports Comm'n*, 538 N.W.2d 717, 720 (Minn.App.1995) (stating that statute's title, although it cannot alter explicit statutory language, may be considered in examining legislative intent); *cf.* Minn.Stat. § 645.49 (2010) (stating that statutory headnotes merely "indicate the contents of the section or subdivision").

Because we conclude that the district court erred by deciding, as a matter of law, that it lacked authority to retroactivity modify appellant's child-care support for the period between December 1, 2009 and November 30, 2010, we reverse its refusal to address that obligation and remand for the district court to decide that claim. *See In re Welfare of M.F.*, 473 N.W.2d 367, 370 (Minn.App.1991) (remanding for district court to exercise discretion when district court erred by addressing discretionary matter as a matter of law).

Respondent has not questioned the district court's elimination of the child-care award for December 2010. We express no opinion as to the merit of appellant's claim that a factual basis exists to terminate the obligation for the months of November 2009 through November 2010. "The moving party has the burden of proof in support-modification proceedings." *Bormann v. Bormann*, 644 N.W.2d 478, 481 (Minn. App.2002). Appellant acknowledged in his motion for review that the children had camp activities in summer 2010, and he claimed only that respondent has furnished insufficient evidence of 2010 child-care expenses. On remand, the district court may, in its discretion, receive additional evidence on this issue. *See* Minn. R. Gen. Pract. 377.09, subd. 4 (stating that district court may request additional evidence on review after giving written or oral notice to all parties).

2.

◼ The child-support statute reflects a presumption that during parenting time a parent incurs expenses associated with the costs of raising a child. Minn.Stat. § 518A.36, subd. 1(a) (2010); *Hesse v. Hesse*, 778 N.W.2d 98, 102 (Minn.App. 2009). A parent may receive a parenting-time expense adjustment of support, based on the percentage of parenting time allocated to that parent. Minn.Stat. § 518A.36, subd. 2(1) (2010). The district court applies the percentage of parenting time to adjust a basic support obligation, unless parenting-time is presumed equal. *Id.* If parenting time is between 45.1% and 50%, parenting time is presumed equal, and the amount of a basic award is calculated with reference to the income of both parents. *Id.*, subd. 3.

By statute, the district court may determine the parenting time percentage "by calculating the number of overnights that a child spends with a parent." *Id.*, subd. 1(a). Alternatively, the district court may "us[e] a method other than overnights if the parent has significant time periods on separate days where the child is in the parent's physical custody and under the direct care of the parent but does not stay overnight." *Id.* The district court chose the first alternative approach and concluded that appellant had approximately 41% parenting time, based on the overnight parenting schedule stated in the parties' dissolution judgment.

Appellant maintains that his parenting time exceeds 45.1%, because he cares for the children for a significant amount of non-overnight parenting time, including one day per week after school. But the

statute plainly permits the district court to use either the overnight method of calculating parenting time or an alternative method. *See id.* (stating that "percentage of parenting time *may* be determined by ... overnights *or* by ... a method other than overnights" (emphasis added)). The CSM, affirmed by the district court, did not abuse its discretion by using the overnight method of calculating parenting time, which conformed to the parties' parenting time as stated in the judgment. *See Putz v. Putz*, 645 N.W.2d 343, 347 (Minn.2002) (recognizing district court's discretion in determining child support); *Hesse*, 778 N.W.2d at 103 (stating that, for purpose of calculating parenting-expense adjustment, parenting time is determined by terms of court order scheduling parenting time).

Appellant also argues that, in reviewing the CSM's order, the district court did not have access to Exhibit A, which presents his claimed alternate parenting-time schedule. But because the district court appropriately assigned appellant's parenting time using the overnight parenting-time schedule in the judgment, the availability of appellant's additional evidence would not have produced a different result. Finally, we note respondent's argument that certain documents in appellant's appendix, including respondent's income information obtained from the Minnesota Department of Employment and Economic Development for child-support purposes, "may be outside of the record." But our review shows that these documents were filed with the district court and are properly part of the record before this court. *See* Minn. R. Civ.App. P. 110.01 (stating that record on appeal consists of papers filed in district court, exhibits, and transcripts).

## DECISION

Because the governing statute permits the district court to order a retroactive modification of child-care support, based on evidence of actual child-care expenses incurred, the district court erred by failing to consider appellant's motion to reduce child-care expenses retroactively for the period of December 1, 2009 through November 30, 2010. The district court did not abuse its discretion by determining appellant's parenting-time percentage by the overnight parenting time stated in the parties' dissolution judgment and did not clearly err in determining that appellant's parenting time for calculating support was less than 45.1%.

**Affirmed in part, reversed in part, and remanded.**