*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0274**

In re the Marriage of:  William John Braun, petitioner,
Respondent,

vs.

Candida Marie Braun,
Appellant.

**Filed June 15, 2015
Affirmed; motion denied
Connolly, Judge**

Itasca County District Court
File No. 31-FA-10-1497

Ellen E. Tholen, Ellen E. Tholen Law Office, Grand Rapids, Minnesota (for respondent)

Jesse D. Matson, Matson Law Firm, LLC, Fargo, North Dakota (for appellant)

Considered and decided by Chutich, Presiding Judge; Connolly, Judge; and Kirk, Judge.

**U N P U B L I S H E D   O P I N I O N**

**CONNOLLY**, Judge

In this parenting dispute, appellant-mother argues that the district court erred by (a) failing to recognize that the parenting time calculation in the stipulated judgment is contrary to law; (b) failing to modify the calculation of parenting time in the stipulated

judgment and applying Minn. Stat. § 518.18 (2014) to this proceeding involving parenting time; (c) failing to discipline respondent-father for not providing the children in a timely fashion for parenting time; and (d) awarding respondent-father attorney fees. We affirm.

## FACTS

The parties' marriage was dissolved by stipulated judgment and decree (the stipulated judgment) on June 3, 2010. They agreed to share joint legal and physical custody of their two minor children. The parties anticipated that appellant would move from Grand Rapids to Fargo, North Dakota following the dissolution. They agreed that Minnesota would remain the children's home state and that Minnesota would retain jurisdiction over the issues regarding the children. In the stipulated judgment, the parties agreed that the children would be with appellant on school days and respondent on non-school days and certain holidays. Respondent would have the children 49% of the time and appellant would have the children 51% of the time. The parties agreed that this arrangement was in their children's best interests and that any modification of parenting time would be governed by Minn. Stat. § 518.18.

In April 2013, appellant attempted to change the parenting-time arrangement by arguing that a mistake had been made in the stipulated judgment. Respondent argued that appellant's argument was time-barred under Minn. Stat. § 518.145 (2014). The district court ordered the parties to attend mediation. Mediation was unsuccessful and appellant requested a hearing with oral testimony, which took place on November 13, 2014.

2

Following the hearing, the district court denied appellant's motions to modify parenting time and vacate the provisions of the stipulated judgment. This appeal follows.

**D E C I S I O N**

Whether to reopen a dissolution judgment under Minn. Stat. § 518.145, subd. 2, is discretionary with the district court. *Clark v. Clark*, 642 N.W.2d 459, 465 (Minn. App. 2002). The district court's decision regarding whether to reopen a judgment will be upheld unless the district court abused its discretion; and the district court's findings as to whether the judgment was prompted by mistake, duress, or fraud will not be set aside unless they are clearly erroneous. *Hestekin v. Hestekin*, 587 N.W.2d 308, 310 (Minn. App. 1998). "A district court abuses its discretion when it makes findings unsupported by the evidence or when it improperly applies the law." *Hemmingsen v. Hemmingsen*, 767 N.W.2d 711, 716 (Minn. App. 2009), *review granted* (Minn. Sept. 29, 2009), *and appeal dismissed* (Minn. Feb. 1, 2010).

**I.**

Appellant argues that the parenting time calculation method used in the stipulated judgment is not legally permissible. We disagree.

According to the stipulated judgment, respondent shall have 178 days of parenting time per year (approximately 49%) and appellant shall have 187 days of parenting time per year (approximately 51%). Respondent is scheduled to have parenting time on all non-school days, and appellant is scheduled to have one non-long weekend each month during the school year and alternating weekends during the summer. The parties use a rotating holiday schedule. Appellant argues that because the children have 175 days of

3

school per year, she has an additional 18 days of parenting time during the school year and a potential additional 12 days of parenting time in the summer.

To get around the disparity between the parenting time outlined in the stipulated judgment and the actual amount of parenting time, appellant claims that the district court "had to invent a new parenting time counting method" in the stipulated judgment. She argues that because the stipulated judgment uses a parenting time calculation other than those recognized in Minn. Stat. § 518A.36, subd. 1(a) (2014), the calculation method is not legally permissible. We disagree.

Under Minn. Stat. § 518A.36, subd. 1(a),

> The percentage of parenting time may be determined by calculating the number of overnights that a child spends with a parent, or by using a method other than overnights if the parent has significant time periods on separate days where the child is in the parent's physical custody and under the direct care of the parent but does not stay overnight.

Thus, the relevant statute allows non-overnight-based methods of calculating parenting time, and here, the parties stipulated to the parenting time schedule listed above.

> The use of stipulations in divorce proceedings has been approved by this court. Courts favor stipulations in dissolution cases as a means of simplifying and expediting litigation, and to bring resolution to what frequently has become an acrimonious relationship between the parties. Stipulations are therefore accorded the sanctity of binding contracts.

*Shirk v. Shirk*, 561 N.W.2d 519, 521 (Minn. 1997) (citations omitted). Stipulated dissolution judgments are treated as binding contracts. *Id.*; *Blonigen v. Blonigen*, 621 N.W.2d 276, 281 (Minn. App. 2001), *review denied* (Minn. Mar. 13, 2001). Because the

4

parties stipulated to this parenting time schedule, we conclude that the calculation method used in the stipulated judgment is legally permissible.

## II.

Appellant also argues that the district court erred by not reopening and modifying the terms of the stipulated judgment. We disagree. The legislature has recognized the importance of finality in dissolution proceedings by setting forth specific circumstances that must be present to permit a party to be relieved of the terms of a judgment and decree:

> On motion and upon terms as are just, the court may relieve a party from a judgment and decree, order, or proceeding under this chapter, . . . and may order a new trial or grant other relief as may be just for the following reasons:
>> (1) mistake, inadvertence, surprise, or excusable neglect;
>> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under the rules of civil procedure, rule 59.03;
>> (3) fraud, whether denominated intrinsic or extrinsic, misrepresentation, or other misconduct of an adverse party;
>> (4) the judgment and decree or order is void; or
>> (5) the judgment has been satisfied, released, or discharged, or a prior judgment and decree or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment and decree or order should have prospective application.
>> The motion must be made within a reasonable time, and for a reason under clause (1), (2), or (3), not more than one year after the judgment and decree, order, or proceeding was entered or taken.

Minn. Stat. § 518.145, subd. 2. When a judgment and decree is entered based upon stipulation, the stipulation is merged into the judgment and decree. *Shirk*, 561 N.W.2d at

522. "The sole relief from the judgment and decree lies in meeting the requirements of Minn. Stat. § 518.145, subd. 2." *Id.*

As a preliminary matter, appellant is barred from pursuing relief under subdivisions 2(1), (2), and (3) because her motion was made more than one year after the stipulated judgment was entered. Appellant argues that prospective application of the stipulated judgment is no longer fair because two cases clarify that the district court may only use one of the two parenting time counting methods set forth in Minn. Stat. § 518A.36, subd. 1(a). Appellant relies on *Jones v. Jarvinen*, 814 N.W.2d 45, 48 (Minn. App. 2012) for the proposition that "the statute plainly permits the district court to use either the overnight method of calculating parenting time or an alternative method." *Jones*, 814 N.W.2d at 48. Appellant also relies on the unpublished case, *In re Custody of A.B.T.*, No. A12-1660, 2013 WL 4710925, at *4 (Minn. App. Sept. 3, 2013) for the same proposition. *A.B.T.*, 2013 WL 4710925, at *4. Unpublished opinions are of limited value in deciding an appeal. *See* Minn. Stat. § 480A.08, subd. 3(c) (2014) (stating that "[u]npublished opinions of the court of appeals *are not precedential*") (emphasis added). Both cases plainly state that the statute permits the district court to use *either* the overnight method or an *alternative method* for calculating parenting time. The parties in this case expressly agreed to the stipulated parenting time schedule, and this record supports the district court's determination that appellant has not shown that prospective application of the stipulated judgment is no longer fair. Consequently, we conclude that the district court did not err by using the stipulated parenting time method.

## III.

Appellant argues that the district court erred by failing to modify the stipulated judgment regarding the parenting time calculating method. We disagree. We will not reverse a district court's parenting-time decision unless the district court abused its discretion by misapplying the law or relying on clearly erroneous findings of fact. *Dahl v. Dahl*, 765 N.W.2d 118, 123 (Minn. App. 2009).

Under the stipulated judgment, the parties agreed that any change in parenting time would be made pursuant to Minn. Stat. § 518.18, which governs modification of child custody. Under the relevant portion of Minn. Stat. § 518.18, a party moving to modify a prior custody order may prevail if he or she establishes: (1) a change in the circumstances of the child or custodian; (2) that a modification would serve the best interests of the child; (3) that the child's present environment endangers her physical or emotional health or emotional development; and (4) that the harm to the child likely to be caused by the change of environment is outweighed by the advantage of change. Minn. Stat. § 518.18(d)(iv).

Appellant alleges the following changes in circumstances: (1) the children have gotten older, (2) the children are involved in more activities and have more homework, (3) the children have experienced changes in their sleep patterns, (4) one child currently takes ADHD medication, (5) the travel between appellant and respondent's homes leads to fatigue, (6) one child's weight gain and both children's academic regression, and

(7) the addition of a foster child into respondent's home.[1]  But all of these changes could have been anticipated at the time the parties entered into the stipulated judgment. Additionally, appellant has not shown that the children have been endangered by the current parenting time schedule.  Therefore, we conclude that the district court did not abuse its discretion by not modifying the calculation of parenting time in the stipulated judgment.

## IV.

Appellant argues that the district court erred by failing to sanction respondent for being late for parenting exchanges.  We disagree.  Appellant does not cite any authority to support her argument.  An assignment of error in a brief based on "mere assertion" and not supported by argument or authority is waived unless prejudicial error is obvious on mere inspection.  *State v. Modern Recycling, Inc.*, 558 N.W.2d 770, 772 (Minn. App. 1997) (quoting *Schoepke v. Alexander Smith & Sons Carpet Co.*, 290 Minn. 518, 519-20, 187 N.W.2d 133, 135 (1971)); *see State v. Wembley*, 712 N.W.2d 783, 795 (Minn. App. 2006) (applying this rule in the criminal context), *aff'd on other grounds*, 728 N.W.2d 243 (Minn. 2007).  Here, prejudicial error is not obvious and consequently, we conclude that this argument is waived.

## V.

Lastly, appellant argues that the district court erred by awarding conduct-based attorney fees to respondent.  Again, we disagree.  Conduct-based fee awards "are

---

[1] The district court found that appellant's concerns regarding the foster child have been resolved, and appellant did not challenge this finding on appeal.

discretionary with the district court." *Szarzynski v. Szarzynski*, 732 N.W.2d 285, 295 (Minn. App. 2007); *see also* Minn. Stat. § 518.14, subd. 1 (2012) (stating that conduct-based fees "may" be awarded against a party who unreasonably contributes to the length or expense of the proceeding); *In re Adoption of T.A.M.*, 791 N.W.2d 573, 578 (Minn. App. 2010) (stating, in context of reviewing conduct-based award of attorney fees, that "[a]mong other ways, a district court abuses its discretion if it acts against logic and the facts on record, or if it enters fact findings that are unsupported by the record, or if it misapplies the law") (quotations and citations omitted)).

The district court awarded respondent conduct-based attorney fees stating:

> Although there is arguably a basis for some of [appellant's] motions, like the request that [respondent] be on time for exchanges, [appellant's] primary motions, seeking a change in the calculation of the percentage of parenting time and a change in the parenting time schedule, lack merit . . . . In addition, [appellant's] failure to follow the Decree by first attempting mediation before returning to court and her failure to follow the rules of civil procedure by failing to file a certificate of settlement efforts have unnecessarily contributed to the length and expense of these proceedings.

Appellant argues that the district court erred by concluding that her arguments were not meritorious. But, based on our analysis above, we conclude that the district court did not err in this respect. Additionally, appellant does not challenge the district court's findings that she failed to follow the stipulated judgment, failed to follow the rules of civil procedure, and unnecessarily contributed to the length and expense of the proceedings. We therefore conclude that the district court did not abuse its discretion by awarding respondent conduct-based attorney fees.

9

## VI.

Respondent has filed a motion for attorney fees relating to this appeal citing Minn. R. Civ. App. P. 139.06.  The comment to rule 139.06 states that the statute does not provide a substantive basis for claiming fees on appeal, and therefore, a motion for fees must identify a statutory or contractual basis for the recovery of fees.  Minnesota statute section 549.211 sets forth the statutory bases for imposing sanctions in a civil action.  Respondent does not reference this statute and does not identify any other statutory or contractual basis for the recovery of fees.  Consequently, this motion for attorney fees is denied.

**Affirmed; motion denied.**